JAQUITH v. W. M. ACKERMAN ELECTRIC CO.

1. Master and Servant—Workmen's Compensation Act—Rehearing—Change of Condition.
Although department of labor and industry has no power to grant rehearing of its determination, it may act upon petition setting forth that there has been change in injured person's condition after order suspending further payment had been entered.

2. Same—Final Determination—Reopening Case.
Affirmance by department of labor and industry of deputy commissioner's finding that injured employee had recovered from effects of injury and ordering discontinuance of compensation is final determination, and therefore department is without authority to reopen case and award further compensation on finding that he is still suffering disability; no claim of change in employee's condition being made.

3. Same—"Without Prejudice" Has No Legal Significance.
Where order of department of labor and industry discontinuing compensation to injured employee is final determination, language in department's opinion equivalent to saying it is "without prejudice" has no legal significance respecting department's authority to reopen case.

Appeal from Department of Labor and Industry. Submitted April 26, 1932. (Docket No. 175, Calendar No. 36,273.) Decided June 6, 1932.

Roy Jaquith presented his claim against W. M. Ackerman Electric Company, employer, and Maryland Casualty Company, insurer, for an accidental injury received while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Petition dismissed.

As to jurisdiction of Industrial Commission to reopen case, see annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186.

*Shaw & McIntyre,* for plaintiff.

*Mason, Alexander, McCaslin, Cholette & Mitts,* for defendants.

SHARPE, J.   The plaintiff was injured on December .11, 1928, while in the employ of the defendant W. M. Ackerman Electric Company (hereafter called the defendant).   A report of compensable accident was filed and an agreement entered into by the defendant to pay him compensation at the rate of $18 per week during total disability.   On July 12, 1929, a petition to stop compensation, accompanied by a receipt showing payment to July 2d, was filed, and, after a hearing thereon, denied.   A similar petition, filed on November 19, 1929, was also denied.   On July 14, 1930, another petition to stop compensation was filed.   At a hearing thereon before the deputy commissioner, he found:

"The testimony given at the hearing did not disclose that there is any condition of disability at the present time that is due to the accident of December 11, 1928,"—

and on August 29, 1930, ordered compensation suspended after June 30, 1930.   (This date was fixed by stipulation of the parties.)   On appeal by the plaintiff the award thus made was affirmed on November 22, 1930.

On August 12, 1931, the plaintiff filed a petition for further compensation.   A hearing was had thereon before a deputy commissioner and proofs taken and an award made granting plaintiff compensation from October 22, 1930, to the date thereof (September 19, 1931) at the rate of $18 per week, such payment to be continued "until facts and circumstances warrant a change."   On appeal to the

commission, the amount thus awarded was somewhat changed, and the award otherwise affirmed on November 17, 1931. From it the defendants here seek review by appeal.

Defendants insist that the finding of the deputy commissioner in the award made by him on August 29, 1930, that plaintiff was not then suffering any disability due to his accident, and affirmed by the commission on November 22, 1930, was a "final determination" of the case, and that the petition for further compensation is, in legal effect, a motion for rehearing, and should have been dismissed.

The issue presented at the hearing of the petition of the defendant to stop compensation was whether plaintiff had recovered from the effects of the injury sustained by him. The deputy found that he had; that he was not at that time suffering any disability due to the accident, and granted the prayer of the petition. The commission on appeal affirmed this finding and the order made by the deputy. No review of such action was sought in this court.

It is well settled that the commission has no power to grant a rehearing of its determination. *Panozzo* v. *Ford Motor Co.*, 255 Mich. 149. It may, however, consider and act upon a petition setting forth that there has been a change in the injured person's condition after the order suspending further payment had been entered. *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52. No such claim is here made.

In the opinion filed by the commission herein, it discusses at length the claim of the defendant that plaintiff's right to further compensation was determined by its order of November 22, 1930, affirming that of the deputy above referred to. It quotes therein from the opinion then filed by it as follows:

"While it was held by the Supreme Court, on the 28th day of last October, in the *Richards* v. *Rogers Boiler & Burner Co.* case, that a final settlement receipt would not bar a claim for further compensation unless it was approved by the commission, yet, we are confronted with the condition that there is no competent testimony or evidence before the commission showing that since signing the final settlement receipt plaintiff has, again, become disabled due to the original injury. If, as a matter of fact, he is still suffering disability since the signing and filing of said receipt, the matter should be brought to the attention of the department by proper proceedings.

"In view of the status of the case disclosed by the transcript of testimony submitted and the files of the department, the award of the deputy commissioner is to be affirmed."

It thereafter states that in its opinion:

"The award of November 22, 1930, is not a final determination in this case, for the reason that it specifically states that if the plaintiff, as a matter of fact, is still suffering disability since the signing and filing of said receipt, the matter should be brought to the attention of the department by proper proceedings, and in accordance with this opinion, the plaintiff has brought his case before the department on a petition for further compensation, which is the proper proceeding in a matter of this kind."

In *Harnau* v. *Haight*, 212 Mich. 66, 69, it was said: "Courts speak not through their opinions, but through their judgments and decrees." The question presented on the appeal from the award made by the deputy on August 29, 1930, was whether or not plaintiff was entitled to further compensation. The deputy found that the proofs did not disclose that he was then suffering any disability due to the

accident. In the order or judgment entered by the commission, it found that the award of the deputy was "in accordance with the provisions of the compensation act, and the facts in the case," and affirmed the award. If, in view of what was said in the opinion, it should be treated as an affirmance "without prejudice," no legal significance would attach thereto. *Levanen* v. *Seneca Copper Corp.,* 227 Mich. 592.

The award of the commission granting further compensation is reversed and set aside, and the petition therefor is dismissed.

CLARK, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. MCDONALD, J., did not sit.