GUSS *v.* FORD MOTOR CO.

1. Workmen's Compensation—Transcript of Testimony—Extension of Time—Final Orders.

The department of labor and industry may for good cause shown and before entering an order affirming an award by, and dismissing an appeal from, a deputy commissioner, extend the time for filing the transcript of testimony, but may not vacate a final order for such purpose and thereby recapture the appeal (Rule No. 16 [1930], as amended October, 1931).

2. SAME—AWARD BY DEPUTY COMMISSIONER—APPEAL.

> The award by a deputy commissioner fixes the rights of parties in a workmen's compensation proceeding unless, upon review, the department reaches a different conclusion.

3. SAME—DEPARTMENT OF LABOR AND INDUSTRY—FINAL ORDERS—REHEARINGS.

> Entry of final order upon review by department of labor and industry on record before it without transcript of testimony *held,* to preclude department from vacating its action and granting a rehearing (Rule No. 16 [1930], as amended October, 1931).

4. SAME—DEPARTMENT OF LABOR AND INDUSTRY—RULES.

> The department of labor and industry may make rules consistent with the statute and is bound by such rules, when made (2 Comp. Laws 1929, § 8442).

5. SAME—REHEARINGS.

> The department of labor and industry has no power to grant a rehearing of its determinations.

Appeal from Department of Labor and Industry. Submitted January 14, 1936. (Docket No. 66, Calendar No. 38,601.) Decided March 2, 1936.

Max Guss presented his claim against Ford Motor Company for compensation for an accidental injury suffered while in defendant's employ. From order of commission vacating order dismissing plaintiff's appeal, defendant appeals. Reversed.

*Bernstein & Bernstein,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

WIEST, J. March 20, 1934, plaintiff made application for compensation under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*) stating—"that the accident upon which claim for compensation is based in this matter occurred on the

—— day of June, 1925, * * * and was caused by —— resulting in temporary inability to use right foot developing into amputation of right leg above knee,'' and asked for—''temporary total disability for about 75 weeks and specific disability for 175 weeks under 2 Comp. Laws 1929, § 8426, at $14 per week.''

Defendant denied any accidental injury or disability arising out of the employment and averred no notice or claim of accidental injury within the statutory period (2 Comp. Laws 1929, § 8431), and pleaded the statute of limitations (3 Comp. Laws 1929, § 13976).

The issues were framed, came to hearing before a deputy commissioner who, on the 25th day of June, 1934, adjudged:

''That said plaintiff is not entitled to receive and recover compensation from said defendant, Ford Motor Company.

''The deputy commissioner further finds that the accident was not a contributing factor to plaintiff's disability.''

Plaintiff appealed to the full department. Defendant, on August 20, 1934, moved the department to dismiss the appeal because plaintiff had not filed a transcript of testimony of the hearing held before the deputy commissioner, in accordance with Rule No. 16 of the department.

Thereupon, on August 24, 1934, the clerk of the department sent a copy of the motion to the then attorneys for plaintiff stating:

''Before taking any action will you please advise the commission whether or not you intend to file an answer.''

On May 22, 1935, the department dismissed the appeal stating:

"In this cause, an award having been entered in favor of the defendant from which plaintiff has filed a claim for review before the commission and the plaintiff not having filed a transcript of the testimony as required by Rule No. 16 and the commission having examined the documents and papers filed herein and having reviewed the award of the deputy commissioner and being fully advised in the matter and it satisfactorily appearing to the commission that the award made, as aforesaid, should be affirmed;

"Therefore, it is ordered and adjudged that plaintiff's claim for review by the commission be, and the same is hereby, dismissed."

On May 24, 1935, plaintiff, through newly-engaged counsel, filed a petition for extension of time, within which to file the transcript of testimony and to vacate the order of dismissal. Objection was filed.

June 17, 1935, the department vacated the mentioned order and granted plaintiff 60 days time within which to file the transcript of testimony.

Defendant prosecutes review, claiming the department had no power to vacate its order affirming the award of the deputy and dismissing the appeal.

The department may, before entering an order affirming an award and dismissing an appeal, extend the time for filing the transcript of testimony upon a showing of good cause, but may not vacate a final order, affirming an award and dismissing an appeal, and thereby recapture the appeal.

Rule No. 16 (1930) of the department * provides:

"In all cases where the testimony is not filed * * * the commission will proceed to review the decision

---

* As amended in October, 1931.—Reporter.

of the deputy commissioner without further notice to the parties, considering the documents and papers filed and such records as it may have before it, and enter such order as in the judgment of the commission properly disposes of the matter on appeal.''

The award by the deputy fixes the rights of parties unless, upon review, the department reaches a different conclusion.

Under the rule mentioned the department makes review, in case of default in filing the testimony, and final disposition. This was done in the instance at bar and precluded the department from vacating its action and granting a rehearing. The department may make rules consistent with the statute, 2 Comp. Laws 1929, § 8442. Such rules, when made, bind the department.

The department followed the rule in affirming the award appealed from and dismissing the appeal. That action was final and could not be vacated by the department and the appeal reinstated and time granted to file the testimony. The department has no power to grant a rehearing of its determinations: *Martilla* v. *Quincy Mining Co.*, 221 Mich. 525 (30 A. L. R. 1249); *Panozzo* v. *Ford Motor Co.*, 255 Mich. 149; *Jaquith* v. *W. M. Ackerman Electric Co.*, 258 Mich. 362.

The order appealed from is vacated, with costs to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.