TULK *v.* MURRAY CORPORATION OF AMERICA.

1. WORKMEN'S COMPENSATION—AVERAGE WEEKLY WAGE.
    Under the workmen's compensation act as it now stands the
    average weekly wage is found by multiplying the daily wage
    by six (2 Comp. Laws 1929, § 8427).

2. SAME—AVERAGE WEEKLY WAGE—QUESTION OF FACT.
    Average weekly wage of employee at time of accident is ques-
    tion of fact in proceedings to recover workmen's compensation
    where employee works for employer at different jobs, some-
    times at skilled labor at one daily wage and at other times at
    common labor at a lower wage.

3. COURTS—STARE DECISIS.
    If there is a conflict between decisions of two cases, the latter
    overrules the former *pro tanto.*

4. WORKMEN'S COMPENSATION — APPROVAL OF AGREEMENT BY DE-
    PARTMENT.
    By approval of an agreement for compensation, the department
    of labor and industry finds the basic facts supporting the com-
    pensation, either by acceptance of the agreement of the par-
    ties or after hearing thereon.

5. SAME—FINDING OF FACT BY DEPARTMENT—REHEARING.
    To change facts found by the department of labor and industry
    is beyond its jurisdiction since such change would require a
    rehearing.

6. SAME—AVERAGE  WEEKLY  WAGE—APPROVAL  OF  AGREEMENT—
    MISTAKE.
    Approval of agreement for compensation for duration of total
    disability at rate of $13.84, based on average weekly wage of
    $20.76, may not be subsequently altered by department of
    labor and industry, because of its alleged mistake, by finding
    of greater average weekly wage as of time of accident.

7. SAME—WEEKLY WAGE—EARNING CAPACITY AFTER INJURY.
    Proviso of workmen's compensation act limiting compensation
    payable to a sum which, when added to employee's wage-
    earning capacity after injury, shall not exceed his average
    weekly earnings at time of injury uses term "wage-earning
    capacity" as the then actual capacity and is not computed
    the same as the average weekly wage (2 Comp. Laws 1929,
    § 8427).

Appeal from Department of Labor and Industry. Submitted June 5, 1936. (Docket No. 76, Calendar No. 38,909.) Decided September 2, 1936.

Archibald Tulk presented his claim against Murray Corporation of America for compensation for accidental injuries suffered while in defendant's employ. On petition to stop compensation. Award to plaintiff. Defendant appeals. Modified and remanded.

*Sol A. Dann,* for plaintiff.

*Butzel, Eaman, Long, Gust & Bills (A. Hilliard Williams,* of counsel), for defendant.

FEAD, J. December 20, 1933, the parties entered into an agreement that plaintiff's average weekly wage was $20.76, at the time of an accident he sustained while in defendant's employ, and that he should have compensation of $13.84 per week during total disability. The agreement was approved by the department of labor and industry.

March 18, 1935, defendant filed petition to stop compensation because plaintiff has returned to work for it at $3.68 per day. He works five days per week, receiving $18.40. Plaintiff rejoined with petition for review of the whole proceeding and increase of compensation on the ground that at the time of the accident he was a skilled workman, his average weekly wage was $35, and the wage was erroneously stated in the approved agreement by mistake.

After hearing, the department found the facts as claimed by plaintiff and ordered a future increase of compensation for total disability on the basis of weekly earnings of $35 at the time of the accident. Defendant reviews.

Defendant relies on the well-established rules that an approved agreement is a binding award, the department may not conduct rehearing of an award, but the remedy, if any, is in equity, *Hughson* v. *City of Kalamazoo,* 271 Mich. 36, *Southern Surety Co.* v. *Curtis,* 240 Mich. 566, and on the case of *Roe* v. *Daily Record,* 273 Mich. 5, in direct point.

Plaintiff contends, and the department held, that the case is ruled by *Kirchner* v. *Michigan Sugar Co.,* 206 Mich. 459. In the *Kirchner Case* the basic fact was that the daily wage was $3. At that time the statute (2 Comp. Laws 1915, § 5441) provided several methods of computing the average weekly earnings, different computation being had where the employment was seasonal than where permanent. Kirchner was a seasonal employee, but the agreement computed his average weekly wage as though his employment were on an annual basis and compensation was figured accordingly. On subsequent petition, the department modified the agreement to award compensation upon the basis of seasonal employment as provided by statute. It did not change the basic fact but, although at rather long range, it may be said to have corrected a mistake of law.

Under our present statute the average weekly wage is found from the simple computation of six times the daily wage (2 Comp. Laws 1929, § 8427). About the time of the accident plaintiff was working at different jobs, sometimes at skilled labor at $6 per day and sometimes at common labor at $3.46 per day. His average weekly wage, therefore, was purely a question of fact, dependent upon the kind of employment at the time of the accident.

The *Kirchner Case* was stressed in the plaintiff's brief in *Roe* v. *Daily Record, supra,* and relied upon as in direct point. If there is a conflict between the

decisions, the latter overrules the former *pro tanto.* The *Roe Case* is in accordance with rulings of this court that, by approval of an agreement for compensation, the department finds the basic facts supporting the compensation, either by acceptance of the agreement of the parties or after hearing thereon, and to change the facts, so found, is beyond the jurisdiction of the department because such change would require a rehearing. *Glavin v. Michigan State Highway Department,* 269 Mich. 672.

While only late cases are here cited, the controlling principles have long been established and the legislature has not seen fit to overrule them by amendment of the statute. The award must be vacated.

Section 8427, 2 Comp. Laws 1929, establishes a rule for determination of weekly loss of wages, and in 1927 the following proviso was added:

"Provided, The compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

The proviso was construed in *MacDonald* v. *Great Lakes Steel Corp.,* 268 Mich. 591, where it was held that it establishes a sort of set-off, as against the compensation awarded to a skilled laborer.

Defendant's contention is that, in determining the weekly wage-earning capacity of a laborer employed after the injury, his daily wages are to be multiplied by six, in harmony with the rule for determination of average weekly earnings. The position is untenable. The set-off against the compensation is the actual "wage-earning capacity" after the injury. The legislature did not provide the same

rule for determining such capacity as it did for finding the average weekly earnings at the time of the injury. Defendant's contention would mean that, if the employee was able to work only one day a week, the employer would have credit upon the awarded compensation of six times his actual earning capacity. The legislature could not have so intended.

The case will be remanded to the department for proper award in accordance with this opinion. We suggest that where an award is changed or made by reason of the above proviso, it would tend to avoid future uncertainty if the fact be noted in the order of the department.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.