FITZPATRICK *v.* OLDS DIVISION OF GENERAL MOTORS CORP.

1. WORKMEN'S COMPENSATION—REHEARINGS.

   The department of labor and industry has no power to grant a rehearing of its determination.

2. SAME—EXTENSION OF TIME TO APPEAL—DENIAL OF APPEAL.

   Denial of petition for extension of time to appeal to department of labor and industry from award of deputy commissioner *held,* to preclude granting of a subsequent petition for the same purpose where second petition was based on substantially the same grounds as those of the first petition.

Appeal from Department of Labor and Industry. Submitted October 19, 1937. (Docket No. 51, Calendar No. 39,619.) Decided December 29, 1937.

Glendon Fitzpatrick presented his claim against Olds Division of General Motors Corporation for compensation for personal injuries sustained while in defendant's employ. On petition of plaintiff for extension of time to appeal from deputy commissioner's award. From order allowing extension of time, defendant appeals. Reversed.

*J. G. Stevenson* and *E. C. McDonald,* for defendant.

WIEST, J. In May, 1936, plaintiff applied to the department of labor and industry for adjustment of his claim, under the workmen's compensation act, for an injury alleged to have been received while in

defendant's employ in February, 1935, and reported by the defendant as noncompensable. Issue was joined thereon and a hearing had before a deputy commissioner in June, 1936, with an adjudication on the 23rd day of that month, that—"said plaintiff suffered no accident while in the employ of said defendant, Olds Motor Works, in February, 1935, in the county of Ingham, State of Michigan, and said plaintiff is not entitled to receive and recover compensation from said defendant, Olds Motor Works."

In December, 1936, plaintiff applied for a review of the findings of the deputy commissioner, stating the grounds thereof as follows:

"Additional evidence, both medical and ordinary which was not known to petitioner at the time of original hearing."

He also, at the same time, filed a petition for extension of time for filing an appeal, stating:

"This petition for an extension of time is based on a lack of knowledge of the petitioner's legal rights to an appeal and on additional evidence, both medical and factual eyewitness testimony."

Defendant opposed both applications.

In February, 1937, the department denied an extension of time within which to file a claim for review stating:

"This cause having been heard by a deputy commissioner and an award having been mailed by this department to the respective parties on June 24, 1936, denying compensation to the plaintiff and no proceedings having been had in this cause since that time until the filing of a petition by plaintiff on December 30, 1936, asking for an extension of time in which to file claim for review and it appearing from the said petition that the reasons set forth for

granting the same are reasons for review but not good reasons for granting an extension of time and it appearing there has been unreasonable delay on the part of plaintiff in filing said petition and that the said petition for extension of time to appeal for these reasons should be denied;

"Therefore, it is ordered and adjudged that the said plaintiff's petition for extension of time within which to file claim for review is hereby denied."

It is claimed by defendant that this was an adjudication and, no appeal having been taken, was final.

Notwithstanding the mentioned order, plaintiff, in March, 1937, again petitioned for an extension of time to appeal from the order of June, 1936, denying compensation, and stated: "That he knows of witnesses which were beyond his control at the time of the hearing. The testimony of these witnesses is not cumulative but goes to show further the occurrence of the accident and the relationship and extent of the disability," and he gave the names of two witnesses. Opposition was again made by defendant.

The department thought the last petition conformed to the rules of practice and procedure of the department and, under the unusual circumstances presented, vacated the mentioned order of February, 1937, and granted plaintiff 10 days in which to file his claim for review, and directed the deputy commissioner to take the testimony of the two new witnesses.

Defendant presents the following question:

"Was the order of the department of labor and industry issued February 16, 1937, a final order which the department had no power to vacate?"

In *Guss* v. *Ford Motor Co.*, 275 Mich. 30, we held:

"The department has no power to grant a rehearing of its determinations."

The denial of the first petition precluded the granting of the second.

The order is vacated, with costs to defendant.

NORTH, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred with WIEST, J. FEAD, C. J., concurred in the result. BUTZEL, J., did not sit.