## AYOUB v FORD MOTOR COMPANY

Docket No. 44996. Submitted May 20, 1980, at Detroit.—Decided October 27, 1980.

Plaintiff, Adel F. Ayoub, severely injured his right hand during the course of his employment with defendant, Ford Motor Company. Specific loss workers' compensation benefits were voluntarily paid by Ford. Ayoub returned to work with a restriction by Ford's physician that he be limited to one-handed jobs. Ayoub was assigned favored employment which involved pushing one of three buttons and monitoring the flow of parts. Shortly after starting that job a foreman told him that he must manually sort the parts, which weighed from 40 to 75 pounds each. Although this work clearly involved the use of two hands and caused Ayoub much pain, Ayoub performed the job for about one week without asking to be given a different assignment. At the end of that period Ayoub left his employment with Ford, stating that the reason for his termination was pleurisy. Ayoub thereafter re-enrolled at a university to complete his senior year. Ayoub sought additional workers' compensation benefits. A referee denied those benefits on the basis that Ayoub had refused favored employment. The Worker's Compensation Appeal Board affirmed the referee's decision. Plaintiff appeals by leave granted. *Held:*

1. An employer need not extend workers' disability compensation benefits beyond the statutory specific loss period where the injured worker has been offered favored employment which the worker has refused. The burden of proof, however, is on the employer to show that an actual offer, rather than merely a speculative offer, of favored employment has been made and that the worker voluntarily refused that offer of favored employment. Only upon such a showing by the employer may the question of whether the worker has acted in good faith with respect to an offer of favored employment be considered.

2. The appeal board properly considered the question of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation § 349.
[3] 73 Am Jur 2d, Statutes § 17.
  82 Am Jur 2d, Workmen's Compensation § 387.

whether plaintiff acted in good faith when he terminated his employment with defendant without first informing the employer that the work to which he was assigned was not consistent with the limitations occasioned by his disability and without seeking a reassignment to other favored work.

3. The appeal board properly denied vocational rehabilitation services to plaintiff, since plaintiff failed to pursue the statutory procedure of petitioning the director of the Bureau of Workmen's Compensation for such services. Further, the appeal board properly concluded that plaintiff's enrollment at a university was not a rehabilitative service within the meaning of the statute.

Affirmed.

1. WORKERS' COMPENSATION — FAVORED EMPLOYMENT — BURDEN OF PROOF.

An employer need not extend workers' compensation benefits beyond the statutory specific loss period to a worker who has refused favored employment; however, the burden of proof is upon the employer to show that an actual offer, rather than merely a speculative offer, of favored employment has been made and the worker voluntarily refused that offer of favored employment.

2. WORKERS' COMPENSATION — FAVORED EMPLOYMENT — CHANGED CONDITIONS — GOOD FAITH.

A realistic and definite offer of favored employment must be made by an employer before the question of whether a worker has acted in good faith with respect to that offer of favored employment may be considered; accordingly, where an employer offers favored employment which is accepted by the injured worker but the nature of that employment changes so that it is beyond the capability of the worker, the question of whether the worker acted in good faith in terminating his employment without first informing the employer of the changed conditions may be considered in deciding whether workers' compensation benefits should be terminated by reason of the worker's refusal of favored employment.

3. WORKERS' COMPENSATION — VOCATIONAL REHABILITATION SERVICES — PETITION FOR SERVICES — STATUTES.

The denial of vocational rehabilitation services under the Worker's Disability Compensation Act is proper where the worker failed to pursue the statutory procedure of petitioning the director of the Bureau of Workmen's Compensation (MCL 418.319; MSA 17.237[319]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes*), for plaintiff.

*Carl G. Meyers* and *Hayim I. Gross,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and V. J. BRENNAN and S. E. EVERETT,* JJ.

PER CURIAM. On April 9, 1979, the Michigan Worker's Compensation Appeal Board in a 3-2 decision affirmed the August 12, 1976, decision of the referee denying plaintiff workers' compensation benefits on the grounds that plaintiff had refused favored work. Plaintiff appeals this order by leave.

On August 17, 1973, while working for defendant as a grinder, plaintiff sustained a crushing injury to his right hand. The index and middle fingers of his right hand were severely injured, necessitating the amputation of his thumb on August 27, 1973, followed by plastic surgery for his middle finger.[1] Defendant voluntarily paid benefits from August 27, 1973, until November 25, 1974, the specific loss period. Plaintiff returned to work in late December, 1973, and was restricted to one-handed jobs by order of defendant's physician. Accordingly, he was assigned to favored work which consisted of filling baskets with parts and conveying them to various plant locations by pushing one of three buttons and monitoring the flow of the parts. After an hour or so on the job, a foreman and three other workers told plaintiff that each basket had to contain parts of only one

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The medical evidence is undisputed that plaintiff has a significant disability of his right hand. Physicians employed by defendant opined that he had a 30 or 35 percent disability of the hand while plaintiff's physician stated that he had a 60 percent impairment.

type, not mixed parts. Thus, plaintiff was required to manually sort the parts, some of which weighed 40 to 75 pounds each. Although this aspect of the job required two hands and caused plaintiff much pain, plaintiff performed the job for about a week without asking to be given a different job.[2] No one disputes that plaintiff was unable to perform this task. On January 7, 1974, plaintiff obtained a medical leave for pleurisy, unrelated to the accident, and received John Hancock benefits for one week. Upon leaving the job, plaintiff re-enrolled at the University of Michigan to complete his senior year. He worked at a pizza parlor in Ann Arbor, both full and part time. After completing his bachelor's program, plaintiff began work on a master's degree in business at the University of Detroit. Since August, 1975, plaintiff has worked as a caseworker with the Department of Social Services.

Plaintiff raises three issues on appeal. The first is whether plaintiff's leaving defendant's employ constituted a refusal of favored employment. An employer need not extend benefits beyond the statutory disability schedule to a worker who has refused employment within his capabilities, which is known as "favored" employment. *Pigue v General Motors Corp,* 317 Mich 311; 26 NW2d 900

---

[2] At the hearing before the referee, plaintiff testified that most of the parts were mixed. He described them as including 35 to 40-pound flywheels, 75-pound engine heads, as well as water pumps, and transmission casings and retainers which needed to be separated. In addition, he stated that he was required to lift some 30 to 40 parts each hour and described the effect of this employment on his right hand:

"Q How did your hand, your right hand feel when you lifted these parts?

"A Well, I could lift it, but I would experience pain afterwards. Halfway through doing this job, my hand was really sore."

Also:

"A My hand was feeling very painful, and the joints were aching."

(1947), *Lynch v Briggs Manufacturing Co,* 329 Mich 168, 172; 45 NW2d 20 (1950). An employer must prove, however, that it made an actual rather than speculative offer of favored employment before it can claim that the injured worker voluntarily refused it. *Kolenko v United States Rubber Products, Inc,* 285 Mich 159; 280 NW 148 (1938), *Sims v R D Brooks, Inc,* 389 Mich 91; 204 NW2d 139 (1973), *Hope v Welch Grape Juice Co,* 46 Mich App 128, 129; 207 NW2d 476 (1973).

Defendant contends, and the referee and WCAB majority concur, that plaintiff left defendant's employ because of his desire to complete his education. This position is supported by the fact that plaintiff registered for his senior year of classes the week prior to the last day he worked for defendant. The assumption is that plaintiff's posture was one of bad faith since he would have not remained with defendant even if he could have had a job which he was capable of performing. As support, they note that plaintiff did not ask for a different job after his first assignment turned out to require both hands. Rather, in leaving defendant's employ, plaintiff stated that he was doing so because of pleurisy rather than an inability to perform the job.

Plaintiff counters that the issue of good faith was legally irrelevant since he was never actually offered favored employment.

Although we find this a close factual question, we are persuaded that defendant's position is the correct one. When plaintiff returned to work following his injury, plaintiff's foreman assigned him to favored work. That job merely required the pushing of three buttons to transport various parts throughout the plant. As such, it was a task performable by injured employees with a one-

handed medical restriction. In fact, there was testimony that this assignment was routinely given to employees with one-handed restrictions, since, when like stock was run, the employee was only required to push three buttons. However, 1-1/2 hours after plaintiff began his favored work, another foreman assigned him to sort the mixed stock, a task clearly requiring two hands and contrary to the medical restrictions issued to plaintiff. Despite the fact that the sorting of parts weighing from 40 to 75 pounds each caused plaintiff much pain, he performed the job for about one week without asking to be given a different assignment.

Our reading of the cases leads us to conclude that a realistic and definite offer of favored employment must be present before the worker's conduct is called into question. The requirement can be somewhat formalistic. See *Sims v R D Brooks, Inc, supra.* The offer of favored employment to a disabled worker is simply a means of permitting an employer to offset its loss.

In *Kolenko v US Rubber, Inc, supra,* 162, the Supreme Court placed the burden on the employer to show that it offered favored work and noted that the employee had maintained a posture of good faith. On the other hand, the employee's good faith was not a prerequisite in *Sims, supra,* where an offer of favored work was never made.

In the instant case, defendant made a definite offer of favored work which plaintiff accepted. Once the nature of the favored work changed, we believe that plaintiff should have brought his medical restriction to defendant's attention. Instead he continued to work at this new task for approximately one week, before citing pleurisy as his reason for terminating his employ. We concur with

the WCAB's assessment of the factual circumstances presented here:

"Rather than alert defendant that he could not do the offered work, he left work with a pleurisy condition (for which he drew sickness benefits), returned to the academic career he had always intended to pursue, and nearly a year later asserted his right to compensation benefits. That defendant acted in good faith and with the intent to provide work within plaintiff's capacity was demonstrated by the placement attempts during the specific loss period for which it had undisputed liability for benefits in any event.

"Good faith is (or should be) a two-way street, and this plaintiff failed to demonstrate any such good faith. The prior Opinion would reward him for that. (See similarly *Christiansen v Eaton, Yale & Towne, Inc,* 1977 WCABO 921, affirmed by Court of Appeals decision dated September 6, 1978 [Docket #77-1442], Supreme Court leave denied.)"

Plaintiff raises two other issues which can be summarily addressed. His claim that the WCAB majority did not set out the testimony adopted, standard followed, and the reasoning used to reach its conclusion is meritless. The opinion of the WCAB sufficed to permit this Court to review its findings.

Finally, plaintiff argues that he was entitled to vocational rehabilitation services at defendant's expense. The WCAB's ruling to the contrary was correct in light of its finding that plaintiff failed to pursue the statutory procedure of petitioning the director, *Frammolino v Richmond Products Co,* 79 Mich App 18; 260 NW2d 908 (1977). Having failed to request a hearing, he was thereby not entitled to have one. MCL 418.319(2); MSA 17.237(319)(2). Moreover, we find no error in the board's conclu-

sion that plaintiff's enrollment at the University of Michigan was not a rehabilitative program within the meaning of the statute.

Affirmed. Costs to be paid by plaintiff.