STALLWORTH v CHRYSLER CORPORATION

Docket No. 77618. Submitted March 21, 1985, at Detroit.—Decided August 6, 1985. Leave to appeal denied, 424 Mich —.

Plaintiff, Dwayne Stallworth, was injured while employed by defendant, Chrysler Corporation, as a glass seamer. Defendant began voluntarily paying plaintiff full compensation. A doctor thereafter indicated that plaintiff could return to light work with certain restrictions. Plaintiff reported to work but was apparently unable to perform his old job. Defendant then terminated plaintiff's workers' compensation benefits on the basis of the doctor's report and gave plaintiff an indefinite layoff. Plaintiff then secured work as a custodian at a continuing care center, receiving an average weekly wage of $116.25. Plaintiff claimed that buffing the floors was difficult because of his injury, but conceded that he would have continued working at the center if he had not been fired for watching television during working hours. Plaintiff was thereafter unable to find employment. The Workers' Compensation Appeal Board thereafter found, and defendant does not dispute, that because of his injury, plaintiff was no longer able to compete with the able-bodied in the field of common labor, where the injury occurred, to the extent that he could prior to the injury. The appeal board also concluded that plaintiff's job at the continuing care center did not establish a post-injury wage-earning capacity since it was favored work as to him. Defendant disputes that conclusion and appeals by leave granted from an award of benefits granted plaintiff by the appeal board. *Held:*

1. The appeal board erred as a matter of law in concluding that plaintiff's job with a second employer was favored work.

2. The appeal board's determination that plaintiff, as a matter of law, had not established a post-injury wage-earning capacity is legally erroneous.

3. Plaintiff's wage-earning capacity is a question of fact since

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] Am Jur 2d, Workmen's Compensation § 613 *et seq.*
See the annotations in the ALR3d/4th Quick Index under topic Worker's Compensation.
[2] Am Jur 2d, Workmen's Compensation § 385 *et seq.*
[4] Am Jur 2d, Workmen's Compensation § 338 *et seq.*

his post-injury wages were not from favored work. The Court of Appeals remanded to the appeal board for a determination of plaintiff's wage-earning capacity.

4. The Court of Appeals declined plaintiff's request for a supplement for total disability while unemployed since plaintiff did not raise this issue by claim for review before the appeal board or by cross-appeal to the Court of Appeals.

Remanded.

1. WORKERS' COMPENSATION — APPEAL — CONSTITUTIONAL LAW.

A conclusion by the Workers' Compensation Appeal Board involving the application of an incorrect legal standard presents a reviewable question of law for the Court of Appeals (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — FAVORED WORK.

The favored-work doctrine is a purely judicial creation which permits wages from less strenuous post-injury work to be used as a setoff against an employer's workers' compensation liability, but favored-work wages do not establish an earning capacity, and when such wages cease, they neither suspend nor bar compensation; the primary purpose of the doctrine is that of mitigation, thus allowing an employer to reduce or completely eliminate compensation payments by providing work within the injured employee's physical capacity; the doctrine also encourages the employee to return to productive employment rather than to remain idle, thus serving a rehabilitative function.

3. WORKERS' COMPENSATION — FAVORED WORK — APPEAL.

The Workers' Compensation Appeal Board erred as a matter of law in concluding that work given by a second employer to an employee following an injury occurring during employment by a first employer is favored work where the second employer is not liable for worker's compensation benefits for the injury and does not offer the work to mitigate the loss resulting from the injury.

4. WORKERS' COMPENSATION — WAGE-EARNING CAPACITY — POST-INJURY WAGES.

The question of a plaintiff's post-injury wage-earning capacity is a question of fact where the plaintiff's post-injury wages are not from favored work.

*Kelman, Loria, Downing, Schneider & Simpson* (by *James P. Harvey*), for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for defendant.

Before: WAHLS, P.J., and BRONSON and T. C. MEGARGLE,* JJ.

PER CURIAM. Defendant appeals by leave granted from the award of benefits granted plaintiff by the Workers' Compensation Appeal Board.

Plaintiff was injured on February 24, 1978, while working at the defendant's McGraw Glass Plant as a glass seamer. He sustained a laceration of his right wrist resulting in injury to his tendons, radial artery and median nerve. Defendant began voluntarily paying plaintiff full compensation.

On January 30, 1979, Dr. Ned Winkleman of the division of plastic surgery at Henry Ford Hospital indicated that plaintiff could return to light work with certain restrictions. Plaintiff reported to work on February 29, 1979, but was apparently unable to perform his old job. However, defendant terminated plaintiff's workers' compensation benefits on the basis of Dr. Winkleman's report and gave plaintiff an indefinite layoff effective February 19, 1979.

On September 10, 1979, plaintiff secured work as custodian of the Venoy Continuing Care Center. His duties included mopping and buffing the floors and general maintenance, for which he received an average weekly wage of $116.25. Plaintiff claimed that the buffing was difficult because of his hand injury, but conceded that he would have continued working at the center if he had not been fired on January 15, 1980, for watching television during working hours.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff was unable to find employment after his discharge from the center.

The appeal board found, and defendant does not dispute, "that because of his work-related injury, plaintiff was no longer able to compete with the able-bodied in the field of common labor, where the injury occurred, to the extent that he could prior to the injury". Defendant does dispute, however, the board's conclusion that plaintiff's job at the Venoy Continuing Care Center did not establish a post-injury wage-earning capacity.

The majority opinion of the appeal board states:

"As to plaintiff, the work that he performed at Venoy Continuing Care Center was, at best, favored work as to him. Favored employment in a regularly recognized job involving less physical exertion does not establish, as a matter of law, an unimpaired wage earning capacity in common labor. *Evans v United States Rubber Co,* 379 Mich 457; 152 NW2d 641 (1967)."

We find that the board's conclusion involves application of an incorrect legal standard and, hence, presents a reviewable question of law. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861).

Typically, "favored work" is used to describe work offered by the employer to a disabled employee which accommodates the employee's limitations. *Ayoub v Ford Motor Co,* 101 Mich App 740; 300 NW2d 508 (1980), *lv den* 411 Mich 871 (1981). So it was in *Evans, supra,* which involved only a single employer. See also *Bower v Whitehall Leather Co,* 412 Mich 172; 312 NW2d 640 (1981); *Powell v Casco Nelmor Corp,* 406 Mich 332; 279 NW2d 769 (1979); *Markey v SS Peter & Paul's Parish,* 281 Mich 292; 274 NW 797 (1937); *Porter v Ford Motor Co,* 109 Mich App 728; 311 NW2d 458 (1981); *Tury v General Motors Corp,* 80 Mich App

379; 264 NW2d 2 (1978), *lv den* 402 Mich 908 (1978). We find that the appeal board's application of the "favored work" doctrine to work given by a second employer is unprecedented and not in keeping with the rationale for the doctrine stated in *Bower, supra,* p 182:

> "The favored-work doctrine is a purely judicial creation. Favored, or light, work can be loosely defined as less strenuous post-injury work. Wages from favored work may be used as a setoff against an employer's compensation liability, MCL 418.361(1); MSA 17.237(361)(1), but favored-work wages do not establish an earning capacity, and when such wages cease, they neither suspend nor bar compensation. *Powell v Casco Nelmor Corp,* 406 Mich 332; 279 NW2d 769 (1979).
>
> "The primary purpose of the doctrine is that of mitigation. It allows an employer to reduce or completely eliminate compensation payments by providing work within the injured employee's physical capacity. At the same time, it encourages the employee to return to productive employment rather than to remain idle, thus also serving a rehabilitative function. *Pulley v Detroit Engineering & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966)."

It seems apparent that a second employer would have no reason to offer favored work since it would not be liable for the compensation payments; mitigation would not be an objective in offering work. Accordingly, we hold that the appeal board erred as a matter of law in concluding that plaintiff's job with a second employer was favored work.

It follows that the board's determination that plaintiff, as a matter of law, had not established a post-injury wage-earning capacity is also legally erroneous. Since his post-injury wages were not from favored work, plaintiff's wage-earning capacity is a question of fact. *Frammolino v Richmond*

*Products Co,* 79 Mich App 18, 26; 260 NW2d 908 (1977). Accordingly, we remand to the appeal board for a determination of plaintiff's wage-earning capacity.

We decline plaintiff's request for a supplement for total disability while unemployed. Plaintiff did not raise this issue by claim for review before the appeal board, *Nelson v General Motors Corp,* 122 Mich App 499; 332 NW2d 514 (1983), *lv den* 417 Mich 1098 (1983), nor by cross-appeal to this Court,*Bush v Oscoda Area Schools,* 109 Mich App 373, 383; 311 NW2d 788 (1981).

Remanded. We retain jurisdiction.