HARTSELL v RICHMOND LUMBER COMPANY

Docket No. 81580. Submitted June 12, 1986, at Lansing. Decided
    September 9, 1986. Leave to appeal denied, 426 Mich 882.

Orville Hartsell, a truck driver for Richmond Lumber Company,
    injured his right knee in an accident which occurred on Octo-
    ber 8, 1965, during the course of his employment. Richmond
    Lumber voluntarily paid workers' compensation to Hartsell
    until February 25, 1967. Two days later, Hartsell returned to
    work for Richmond Lumber and was given favored work as a
    night watchman. He disliked the work and voluntarily quit. In
    October, 1967, he began another job and worked at it until that
    company closed in April, 1968. On December 22, 1967, Hartsell
    filed a petition with the Bureau of Workers' Disability Compen-
    sation seeking a hearing on his claim for workers' disability
    compensation benefits arising out of the 1965 accident. The
    defendant offered Hartsell his former night watchman job and
    the hearing referee ordered compensation for total disability
    from the date of the accident to the date Hartsell first began
    working as a night watchman, for partial disability up to the
    date of the hearing, and for no compensation thereafter due to
    Richmond Lumber's offer of favored work employment, which
    Hartsell apparently refused. The Workers' Compensation Ap-
    peal Board affirmed, and the Court of Appeals and the Supreme
    Court both denied leave to appeal. In 1974, Hartsell went to
    work part-time at a shoe store and continued to work there
    until 1979. On February 1, 1978, Richmond Lumber closed the
    plant where Hartsell had been employed. In May, 1978, Hart-
    sell filed another petition for hearing with the Bureau of
    Workers' Disability Compensation, naming Richmond Lumber
    Company and the Second Injury Fund and alleging total and
    permanent disability arising from the 1965 accident and aggra-
    vation of the injury and additional injury caused by work in
    excess of restrictions. In September, 1979, the hearing referee
    ruled that the WCAB's 1970 decision was res judicata, that the

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 151-222, 613-642.
See the annotations in the Index to Annotations under Worker's
    Compensation.

only issue was whether Hartsell had lost industrial use of his legs owing to the 1965 injury, and that Hartsell had not proven permanent and total disability or the loss of industrial use of his legs. On appeal, the WCAB affirmed the denial of differential benefits from the Second Injury Fund for total and permanent disability, found that Richmond Lumber had adequate notice of Hartsell's claim for continuing general disability, based upon withdrawal of favored work, found that the 1970 WCAB opinion was not res judicata with respect to issues raised at the 1979 hearing, and held that Hartsell was entitled to compensation from February, 1978, the date of the plant's closing, to the date Hartsell died, sometime in 1983. Following Hartsell's death, Katherine Hartsell, deceased, personal representative of the estate of Orville Hartsell, was substituted as a party plaintiff. The Court of Appeals denied Richmond Lumber's application for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted, 419 Mich 950 (1984).

On remand, the Court of Appeals *held:*

1. Richmond Lumber received adequate notice of Hartsell's intention to raise the favored work issue at the 1979 hearing.

2. The WCAB did not exceed its powers in reinstating Hartsell's second petition after first dismissing it for Hartsell's failure to file a transcript. The board has power to reinstate appeals which are dismissed for procedural reasons.

3. Richmond Lumber's argument that Hartsell was not entitled to compensation for continuing disability when Richmond Lumber closed its plant and thereby withdrew its offer of favored work is rejected. An employee with a continuing disability who rejects an offer of favored work is nonetheless entitled to compensation when the plant closes, as the offer is deemed to have been withdrawn.

Affirmed.

MACKENZIE, P.J., dissented as to Hartsell's entitlement to benefits after Richmond Lumber closed its plant. She would reverse the award of benefits retroactive to the date Richmond Lumber ceased operations.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals must accept decisions of the Workers' Compensation Appeal Board if the proper legal standard has been applied, if there is competent evidence to support the findings, and if there is an absence of fraud (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — APPEAL BOARD — REINSTATEMENT OF
   APPEALS.

   The Workers' Compensation Appeal Board has the power to
   reinstate appeals which are dismissed for procedural reasons.

3. WORKERS' COMPENSATION — FAVORED WORK — REFUSAL OF FA-
   VORED WORK — FORFEITURE OF BENEFITS.

   An unreasonable refusal of favored work by an injured employee
   does not permanently deprive him of workers' compensation
   benefits, but rather merely suspends the employee's benefits for
   the duration of the unreasonable refusal.

4. WORKERS' COMPENSATION — FAVORED WORK — REFUSAL OF FA-
   VORED WORK — PLANT CLOSINGS.

   An employee with a continuing disability who rejects an offer of
   favored work is nonetheless entitled to workers' compensation
   benefits when the plant where he was employed closes, as the
   offer is deemed to have been withdrawn.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY MACKENZIE, P.J.

5. WORKERS' COMPENSATION — FAVORED WORK — FORFEITURE OF
   BENEFITS.

   *The favored work doctrine requires an employer to keep open an
   offer of favored work for a reasonable time under all the
   circumstances; after the expiration of a reasonable time, how-
   ever, the employee forfeits the right to workers' compensation
   benefits.*

*Sablich, Ryan, Clinton & Zolkowski, P.C.* (by
*Theodore P. Ryan*), for plaintiff.

*O'Neill, Ackerman, Wallace & Doyle* (by *Richard
L. Alger, Jr.,* and *Thomas E. Ackerman*), for defen-
dant.

Before: MACKENZIE, P.J., and HOOD and J. E.
MIES,* JJ.

PER CURIAM. We entertain this case on remand
from the Supreme Court, which directed this court
to decide the matter as if on leave granted.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

This case has a long and complex history. Employee Orville Hartsell injured his right knee in an October 8, 1965, accident which occurred during the course of his employment as a truck driver with defendant Richmond Lumber. Defendant paid Hartsell voluntary compensation from October 9, 1965, until February 25, 1967. Hartsell returned to Richmond Lumber on February 27, 1967, where he was given favored work as a night watchman. He disliked the work and voluntarily quit. On October 9, 1967, Hartsell began working at Community Meat Plant and continued until that company closed on April 18, 1968.

Hartsell petitioned on December 22, 1967, for a hearing on his claim for workers' disability compensation benefits arising out of the 1965 truck accident. At a hearing before referee James W. Nolan, defendant offered Hartsell his former night watchman job. In an April 28, 1969, decision, referee Nolan ordered compensation for total disability from the date of the accident to the date Hartsell began working as a night watchman, for partial disability up to the date of hearing, and for no compensation thereafter due to Richmond Lumber's offer of favored work employment, which Hartsell apparently refused. The Workers' Compensation Appeal Board affirmed referee Nolan's decision in an opinion and order issued on June 3, 1970. Both this Court and the Supreme Court denied leave to appeal that decision.

Hartsell filed another petition for hearing on July 16, 1970, but voluntarily discontinued the action without prejudice. Thereafter, he began working part-time at Chamberlain's Shoe Mart, Inc., in September or October of 1974 and continued working there until at least September 19, 1979. On February 1, 1978, defendant Richmond Lumber closed the plant involved in this case.

Hartsell filed another petition for hearing on May 4, 1978, naming Richmond Lumber and the Second Injury Fund, alleging total and permanent disability arising from the 1965 accident and aggravation of this injury and additional injury caused by work in excess of restrictions. Following a September 19, 1979, hearing, hearing referee Edward H. DeVoe issued a decision holding: (1) that the WCAB's 1970 decision was res judicata; (2) that the only issue was whether Hartsell had lost industrial use of his legs owing to the 1965 injury; and (3) that Hartsell had not proven permanent and total disability or the loss of industrial use of his legs.

The WCAB dismissed Hartsell's appeal of hearing referee DeVoe's decision for failure to file a transcript on November 26, 1980. On December 19, 1980, Hartsell simultaneously moved to reinstate the WCAB appeal and filed an application for leave to appeal with this Court. This Court dismissed the appeal as premature, but the WCAB granted the motion to reinstate the appeal. In an opinion dated November 21, 1983, the WCAB (1) affirmed denial of differential benefits from the Second Injury Fund for total and permanent disability; (2) found that defendant Richmond Lumber had adequate notice of Hartsell's claim for continuing general disability, based upon withdrawal of favored work; (3) found that the 1970 WCAB opinion was not res judicata with respect to issues raised at the 1979 hearing; and (4) held that Hartsell was entitled to compensation from February 1, 1978, the date of the plant's closing (and withdrawal of the offer of favored work), to the date of Hartsell's death, which was sometime in 1983. Hartsell's personal representative was substituted as a party plaintiff following his death.

This Court denied defendant Richmond Lum-

ber's application for leave to appeal. On November 9, 1984, the Supreme Court remanded to this Court for consideration of the appeal as if on leave granted. 419 Mich 950 (1984).

I

First, we consider Richmond Lumber's contention that it did not receive adequate notice of Hartsell's intention to raise the favored work issue at the 1979 hearing because his petition raised only the issue of total and permanent disability due to loss of industrial use of both legs. We agree with the WCAB's finding that Richmond Lumber had actual notice that it was required to defend against the favored work issue.

Hartsell's injury occurred in October, 1965, but the two-year time period for filing the claim for compensation was extended by (1) Richmond Lumber's voluntary provision of compensation until February 25, 1967, and (2) the provision of favored work until Hartsell quit on June 24, 1967. See MCL 418.381(1); MSA 17.237(381)(1). Hartsell's timely December 22, 1967, petition was denied as it related to continuing compensation only because of decedent's refusal to accept favored work. The WCAB affirmed the denial in 1970 and admonished Richmond Lumber not to withdraw its bona fide offer of favored work.

Hartsell's second petition (against Richmond Lumber and Second Injury Fund) was filed after Richmond Lumber ceased operating in February, 1978. The petition identified the cause of the injury as the 1965 accident and "working in excess of restrictions . . . [which] caused and aggravated back and bilateral leg pathology." The petition also stated: "Back and bilateral leg pathology—industrial loss of use of both legs—total and permanent disability."

Richmond Lumber claims this petition did not provide adequate notice that Hartsell was making a claim for general disability compensation benefits against Richmond Lumber based on withdrawal of the offer of favored work. The WCAB rejected this argument. In reviewing a Workers' Compensation Appeal Board decision, this Court must affirm if the proper legal standard has been applied, there is competent evidence to support the board's finding, and there is an absence of fraud. *Collins v Waterford Twp School Dist,* 118 Mich App 798, 801; 325 NW2d 585 (1982), lv den 417 Mich 998 (1983), citing Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861).

We find no legal impediment to affirming the WCAB's finding that Richmond Lumber had adequate and actual notice of the favored work issue. First, the petition itself cited the 1965 work-related accident as one cause of the injury. Although it did not specifically state "general disability," it stated "total and permanent disability" in describing the nature of the disability and referred to "back and bilateral leg pathology." The description of the nature of the disability in the petition, taken together with the cause of the injury, informed defendant Richmond Lumber that the 1965 injury and general disability compensation was at issue. With respect to general disability, the only continuing issue after the 1970 WCAB opinion was whether favored work was available.

The petition, although somewhat ambiguous, generally described the claim as required by MCL 418.847; MSA 17.237(847). Moreover, the uncontroverted affidavit of plaintiff's counsel demonstrates that Richmond Lumber had actual notice of the issue. The fact that Richmond Lumber was named at all in the petition demonstrates that favored

work was at issue.[1] Finally, Hartsell's counsel specified at the beginning of the hearing that the remaining issue concerned Richmond Lumber's liability after the plant's closing. After the parties argued about whether this ought to be an issue, hearing referee DeVoe concluded that Richmond Lumber was not out of the picture. Based on the foregoing, we affirm the WCAB's finding that Richmond Lumber had actual notice that it was required to defend against the favored work issue.

II

Richmond Lumber next argues that the WCAB improperly reinstated Hartsell's appeal because Hartsell did not order the transcript and no appeal may be reinstated without substantial compliance with procedural rules. Richmond Lumber cites *Dries v Chrysler Corp,* 402 Mich 78; 259 NW2d 561 (1977), for the proposition that the WCAB may reinstate an appeal dismissed for procedural reasons only if the appealing party has substantially complied with WCAB rules. This argument distorts the *Dries* holding. In *Dries,* the Court did not indicate that substantial compliance was the only ground which will permit the WCAB to reinstate a procedurally defective appeal.

In *East Jordan Iron Works v Workers' Compensation Appeal Board,* 124 Mich App 324, 328; 335 NW2d 23 (1983), this Court summarized the rules governing when reinstatement of an appeal is proper:

In *Pocs v Buick Motor Co,* 207 Mich 591, 593; 175 NW 125 (1919), the Court pointed out that no provision in the statute or the rules allows a

---

[1] If the issue were limited to total and permanent disability for the industrial loss of the use of both legs caused by work in excess of restrictions subsequent to 1965, only the Second Injury Fund could have been found liable. See MCL 418.521; MSA 17.237(521).

rehearing of a final order. In later cases, however, the Court stated the rule more broadly. In *Letourneau v Davidson,* 218 Mich 334, 339; 188 NW 462 (1922), the Court held that the board had no power to grant a rehearing to review the facts establishing liability as found by the board. On several occasions, the Court's statement of the rule was that the board had no power to grant a rehearing of its determinations. *Panozzo v Ford Motor Co,* 255 Mich 149, 150; 237 NW 369 (1931); *Guss v Ford Motor Co,* 275 Mich 30, 34; 265 NW 515 (1936); *Fitzpatrick v Olds Div of General Motors Corp,* 282 Mich 646, 648; 276 NW 709 (1937). Other cases explain that *the rehearing which is prohibited is one which reopens a case for redetermination of the basic facts. Tulk v Murray Corp of America,* 276 Mich 630, 633; 268 NW 761 (1936); *McLean v Eaton Mfg Co,* 286 Mich 285, 294; 282 NW 150 (1938); *Dean v Great Lakes Casting Co,* 78 Mich App 664, 667; 261 NW2d 34 (1977). [Emphasis added.]

While Richmond Lumber maintains that reinstatement is barred by authority of *Guss v Ford Motor Co,* 275 Mich 30; 265 NW 515 (1936), in *Dean, supra,* this Court explicitly limited *Guss* to cases where a determination had been made by the board on the merits. *Guss* does not apply where the board's determination is only to dismiss an appeal for procedural default. *Dean, supra,* 78 Mich App 667-668. *Dean* indicates that the board has power to reinstate appeals which are dismissed for procedural reasons.

Here, Hartsell's appeal was dismissed because of a procedural defect. The merits of the case were never reached. The WCAB acted within its power when it reinstated the appeal.

III

Finally, we reject Richmond Lumber's compel-

ling argument that Hartsell was not entitled to compensation for continuing disability when Richmond Lumber closed its plant and thereby withdrew its offer of favored work.

Richmond Lumber claims that it made a good-faith offer of favored work to Hartsell and kept it open for a reasonable length of time, but that it is unreasonable to force it to keep the offer open for ten years. Hartsell counters that Michigan case law establishes that an employee with a continuing disability who rejects an offer of favored work is nonetheless entitled to compensation when the plant closes, as the offer is deemed to have been withdrawn.

Favored work is work offered by an employer to a disabled employee which accommodates the employee's limitations. *Ayoub v Ford Motor Co,* 101 Mich App 740; 300 NW2d 508 (1980), lv den 411 Mich 871 (1981). The rationale behind the favored work doctrine was stated in *Stallworth v Chrysler Corp,* 144 Mich App 706, 710; 375 NW2d 797 (1985), lv den 424 Mich 857 (1985):

> "The favored-work doctrine is a purely judicial creation. Favored, or light, work can be loosely defined as less strenuous post-injury work. Wages from favored work may be used as a setoff against an employer's compensation liability, MCL 418.361(1); MSA 17.237(361)(1), but favored-work wages do not establish an earning capacity, and when such wages cease, they neither suspend nor bar compensation. *Powell v Casco Nelmor Corp,* 406 Mich 332; 279 NW2d 769 (1979).
>
> "The primary purpose of the doctrine is that of mitigation. It allows an employer to reduce or completely eliminate compensation payments by providing work within the injured employee's physical capacity. At the same time, it encourages the employee to return to productive employment rather than to remain idle, thus also serving a

rehabilitative function. *Pulley v Detroit Engineering & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966)." [144 Mich App 710, quoting from *Bower v Whitehall Leather Co,* 412 Mich 172, 182; 312 NW2d 640 (1981).]

In *Bower,* the Supreme Court held that an employee who refuses favored work does not forfeit compensation benefits where the refusal is reasonable. However, in *Steward v Westran Corp,* 130 Mich App 68; 343 NW2d 7 (1983), this Court held that an unreasonable refusal of favored work does not permanently deprive an employee of compensation benefits. Rather, an unreasonable refusal merely suspends the employee's benefits for the duration of the unreasonable refusal. The Court also stated:

> "In *PPG Industries, Inc v Aites,* 7 Pa Commw Ct 588; 300 A2d 902 (1973), claimant quit favored work to become a minister. When he later found he could not earn a living wage at that profession, he attempted to find additional lighter work. *The Court held that by leaving favored employment, he did not forever waive his right to compensation. Once he attempted to secure additional employment other than as a minister, he again became eligible to receive benefits when his old favored work position was no longer available. [Bower, supra,* pp 188-189, n 8, quoted at 130 Mich App 71-72.]

Here, Hartsell was denied benefits in 1970 for an unreasonable refusal of favored work. His entitlement to continuing disability benefits is not at issue. Although he secured alternative part-time employment, unlike the plaintiff in *Steward,* Hartsell never made a subsequent request of Richmond Lumber for suitable favored work. His claim for continuing disability compensation was not based

on his own acquiescence to the proffered work but on Richmond Lumber's unequivocal withdrawal of the offer on February 1, 1978, caused by cessation of its operations. The wcab agreed with Hartsell that Richmond Lumber should not benefit from continued suspension of benefits since it had effectively withdrawn the offer.

Notwithstanding defendant's rather persuasive argument that the employer should only be required to keep offers of favored work open for a reasonable length of time, we think that precedent dictates a contrary holding. The doctrine of favored work is anchored in mitigation principles which allow the employer to reduce its established liability to the employee where the employee unreasonably refuses favored work. However, the employee's unreasonable actions can no longer be the justification for reducing the employer's liability once the plant closes, as here, or once an offer of favored work is withdrawn. According to *Steward, supra,* benefits are forfeited only for the duration of the employee's unreasonable refusal. Here, after Richmond Lumber closed in 1978, the favored work was unavailable to refuse. Under Richmond Lumber's argument, the employee's right to subsequently accept favored work, established in *Steward,* would be cut off. Finally, our holding accords with the well-established policy that the Workers' Disability Compensation Act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee. See e.g., *Fuchs v General Motors Corp,* 118 Mich App 547, 554; 325 NW2d 489 (1982), lv den 417 Mich 1077 (1983).

Affirmed.

MacKenzie, P.J. *(dissenting in part).* I dissent from Part III of the majority opinion. In my view,

the favored work doctrine requires an employer to keep open an offer of favored work for a reasonable time under all the circumstances; after the expiration of a reasonable time, however, the employee forfeits the right to workers' compensation benefits. Because I believe that in this case the bounds of reasonableness had expired when Hartsell sought compensation, I would reverse the award of benefits retroactive to the date Richmond Lumber ceased operations.

In *Bower v Whitehall Leather Co,* 412 Mich 172; 312 NW2d 640 (1981), the Supreme Court made it clear that "the favored-work doctrine must be tempered with reasonableness." 412 Mich 183. The Court stated:

> The primary purpose of the doctrine is that of mitigation. It allows an employer to reduce or completely eliminate compensation payments by providing work within the injured employee's physical capacity. At the same time, it encourages the employee to return to productive employment rather than to remain idle, thus also serving a rehabilitative function. *Pulley v Detroit Engineering & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966).
>
> To hold that the reasonableness of an employee's action in refusing favored work cannot be considered in determining whether benefits should be forfeited would be to contradict the basic principle underlying both these purposes. The common-law doctrine of mitigation is founded upon notions of reasonableness . . . .
>
> Further, in the area of rehabilitation, the Worker's Disability Compensation Act itself specifically incorporates the factor of reasonableness in judging forfeiture . . . . [412 Mich 182-183.]

The obvious corollary to the above reasoning is that the reasonableness of an employer's with-

drawal of an offer of favored work must also be considered in determining whether benefits should be awarded. I fail to see how the mitigation or rehabilitation purposes underlying the favored work doctrine are served by deciding, as the majority does, that an offer of favored work must be left open without limit even though, as here, the worker has clearly demonstrated utter disinterest in returning to his employer's workplace.

The record in the instant case establishes that Richmond Lumber offered Hartsell favored work in 1967, but Hartsell voluntarily quit the work on June 23, 1967. Almost two years later, in April, 1969, Richmond reiterated the offer of favored work and Hartsell again refused. Hartsell never inquired about further employment at Richmond Lumber, although he had unsuccessfully sought work at several other places. Yet in 1978—some nine years after the offer of favored work was made and rejected for the second time—Hartsell, prompted by his former employer's closing, claimed that the offer of favored work had been withdrawn so that he was entitled to compensation.

Applying the rule of reason mandated by *Bower,* I would hold that on these facts Richmond Lumber reasonably withdrew its offer of favored work and that Hartsell had forfeited his right to compensation. It should be noted that I was on the panel of *Steward v Westran,* 130 Mich App 68; 343 NW2d 7 (1983), upon which the majority relies. *Steward* specifically states that under the circumstances of that case the decision of the appeal board was reasonable. There is no justifiable reason to hold that an employer's duty to mitigate under the favored work doctrine requires the employer to hold open a job for someone who is clearly not interested in working at that place of employment.

I would reverse the award of compensation.