MONTANEZ v CHRYSLER CORPORATION

Docket No. 80933. Submitted April 15, 1985, at Detroit.—Decided September 4, 1985.

Defendant, Chrysler Corporation, appeals as on leave granted by order of the Supreme Court, 419 Mich 941 (1984), from a decision of the Workers' Compensation Appeal Board requiring defendant to pay 12% interest on a workers' compensation award to plaintiff, Pedro J. Montanez, and ordering defendant to reimburse plaintiff for the cost of plaintiff's copies of the transcript of proceedings before the hearing officer. *Held:*

1. Interest is imposed upon past due workers' compensation benefits not as a penalty, but because the employee had to do without the use of the funds to which he was entitled and the employer benefited from the use of the money while the employee's claim was pending. Although plaintiff here was not denied the use of the funds, defendant enjoyed the use of the unpaid compensation benefits and defendant's group insurer was deprived of the use of the funds it advanced to plaintiff in lieu of the compensation benefits. Although the issue of whether a workers' compensation award assigned to a group insurer who has paid alternative benefits should bear interest is one of continuing importance, the Court of Appeals noted that it could not allow defendant to raise it at this late date to the possible detriment of the insurer who has not had an opportunity to respond to defendant's arguments either before the board or the Court of Appeals. Defendant failed to preserve this issue for appeal and the Court of Appeals declined to decide it on its merits.

2. The Workers' Compensation Appeal Board did not err in

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Workmens' Compensation § 9.
  Validity and construction of liability policy provision requiring insured to reimburse insurer for payments made under policy. 29 ALR3d 291.

[2] Am Jur 2d, Workmens' Compensation § 579.
  See the annotations in the ALR3d/4th Quick Index under Interest.

[3] Am Jur 2d, Workmen's Compensation §§ 643 *et seq.*
  See the annotations in the ALR3d/4th Quick Index under Cost or Expense.

holding that defendant was required to pay the cost of plaintiff's copies of the transcript of the proceedings before the hearing officer. In all cases where the employer files a claim for review, the employer must bear the cost of obtaining the transcript and furnishing the employee with a copy. Since the board does not require a redundant filing of copies of the transcript from both parties, requiring the employer, rather than the employee, to also file a copy of the transcript with the board once it files a claim for review is in keeping with the spirit of MCL 418.598 and 1979 AC, R 408.49 pertaining thereto.

3. The Court of Appeals noted that its decision places the employer in the position of always bearing the burden of transcript costs when both parties file a claim for review, even when the employer files only in response to the employee's filing in order to preserve additional issues for review. The Court of Appeals noted that the legislative intent in requiring the employer to furnish copies of the transcript to the employee in all cases where the employer files a claim for review is clearly to put the burden on the employer who is presumably in a better financial position than the employee.

Affirmed.

1. WORKERS' COMPENSATION — ASSIGNMENT OF BENEFITS — INSURANCE.

A section of the Workers' Disability Compensation Act permits the assignment of workers' compensation benefits to an insurance company making advance payments to an employee under a group disability or hospitalization policy; the purpose of such section is to allow and encourage insurance companies carrying sickness and accident policies to pay immediate benefits to injured employees pursuing workers' compensation claims while the employee waits for a determination by the compensation bureau (MCL 418.821[2]; MSA 17.237[821][2]).

2. WORKERS' COMPENSATION — INTEREST ON AWARDS.

Weekly compensation paid pursuant to a workers' compensation award carries interest at the rate of 12% per annum from the date each payment was due, until paid; such interest is imposed upon past due workers' compensation benefits not as a penalty, but because the employee had to do without the use of the funds to which he was entitled and the employer benefited from the use of the money while the employee's claim was pending (MCL 418.801[5]; MSA 17.237[801][5]).

3. WORKERS' COMPENSATION — APPEAL — COSTS OF TRANSCRIPTS — ADMINISTRATIVE CODE.

A party filing a claim for review from an award of a hearing

officer must file with the Workers' Compensation Appeal Board, at his expense, a transcript of the proceedings before the hearing officer; in all cases where the employer files a claim for review, even when the employer files only in response to the employee's filing in order to preserve additional issues for review, the employer must bear the cost of obtaining the transcript and furnishing the employee with a copy; since the board does not require a redundant filing of copies of the transcript from both parties, it is within the spirit of the statute and administrative rule regarding such claims for review to require the employer, rather than the employee, to also file a copy of the transcript with the board where both parties have filed a claim for review (MCL 418.859; MSA 12.237[859]; 1979 AC, R 408.49).

*Lacey & Jones* (by *Phillip G. Rosenberg*), for defendant.

Before: GRIBBS, P.J., and T. M. BURNS and R. B. MARTIN,* JJ.

PER CURIAM. Defendant appeals as on leave granted by order of the Supreme Court, 419 Mich 941; 355 NW2d 113 (1984), from the Workers' Compensation Appeal Board's decision requiring defendant to pay 12% interest on plaintiff's workers' compensation award and ordering defendant to reimburse plaintiff for the cost of plaintiff's copies of the transcript of proceedings before the hearing officer. We affirm.

Plaintiff suffered a progressive work-related back injury while employed by defendant, Chrysler Corporation. Except for a day or two, he did not work after April 14, 1978, because of back pain. Plaintiff petitioned for workers' compensation benefits, and also applied for and received sickness and accident (S&A) benefits from April 14, 1978, to August 1, 1978, at $170 per week from Aetna Life and Casualty Insurance Company, defendant's group

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

insurer. Defendant was self-insured for workers' compensation. The S&A policy covered only non-work-related injuries and plaintiff's application for benefits under the policy contained a clause wherein plaintiff agreed to assign to Aetna any workers' compensation benefits awarded to him. From August, 1978, to the date of the workers' compensation hearing, plaintiff received extended disability benefits from Aetna at a rate of $680 per month. Plaintiff's application for extended disability benefits also contained an assignment provision to take effect in the event of a workers' compensation recovery.[1]

After a hearing on plaintiff's petition for workers' compensation benefits, the hearing officer issued a decision on March 18, 1980, awarding benefits to plaintiff for a closed period, April 14, 1978, to November 27, 1979. Compensation was set at $142 per week with interest at 5% per annum from the date each payment was due, until paid. The hearing officer also found that the assignment agreement with Aetna satisfied the requirements of MCL 418.821; MSA 17.237(821) and ordered reimbursement to Aetna.

Both parties filed a claim for review with the board, plaintiff filing first, from the decision of the hearing officer. The board affirmed the decision of the hearing officer, but increased interest on the award to 12% per annum. In addition, the board ordered defendant to reimburse plaintiff for the

---

[1] MCL 418.821(2); MSA 17.237(821)(2), permits the assignment of workers' compensation benefits to an insurance company making advance payments to an employee under a group disability or hospitalization policy. The purpose of this section is to allow and encourage insurance companies carrying sickness and accident policies to pay immediate benefits to injured employees pursuing workers' compensation claims while the employee waits for a determination by the compensation bureau. *Aetna Life Ins Co v Roose*, 413 Mich 85, 93-94; 318 NW2d 468 (1982).

cost of plaintiff's copies of the transcript from the hearing before the hearing officer.

Defendant contends on appeal that plaintiff is not entitled to interest on the award for the period of time that he was furnished with alternative disability benefits from Aetna and that any interest due assignee Aetna should be paid by plaintiff. MCL 418.801(5); MSA 17.237(801)(5) provides that weekly compensation paid pursuant to a workers' compensation award carries interest at the rate of 12% per annum from the date each payment was due, until paid. Interest is imposed upon past due workers' compensation benefits not as a penalty, but because the employee had to do without the use of the funds to which he was entitled and the employer benefited from the use of the money while the employee's claim was pending. *McCaslin v General Motors Corp,* 133 Mich App 782, 787-788; 349 NW2d 544 (1984), *lv den* 419 Mich 945 (1984).

Relying on *McCaslin, supra,* defendant contends that it should not pay interest on the workers' compensation award since plaintiff was provided with alternative benefits during the period in question. In *McCaslin,* the board affirmed an injured employee's award of interest on her workers' compensation award, even though her employer had paid her a disability allowance equal to the subsequent award while she pursued her workers' compensation claim. On appeal to this Court, the employer's position was that the employee's benefits had been paid and, therefore, no interest was due on the subsequent award. 133 Mich App 789. This Court found that, since plaintiff was not deprived of the use of the money and defendant did not have the use of the money while the employee's compensation claim was pending, the board's award of interest should be vacated.

In the instant case, plaintiff was paid S&A benefits in excess of his eventual workers' compensation recovery and, as in *McCaslin, supra,* was not denied the use of the money while pursuing his compensation claim. However, *McCaslin* can be distinguished from the case at bar because *McCaslin* involved alternative funds advanced directly by the employer from a special fund for employees pursuing workers' compensation benefits, rather than funds provided by a separate group insurer assignee. Although plaintiff in the instant case was not denied the use of funds, defendant enjoyed the use of the unpaid compensation benefits and Aetna was deprived of the use of the funds it advanced to plaintiff in lieu of the compensation benefits.

Under circumstances such as in *McCaslin, supra,* wherein an employer advances funds to the employee while the employee's compensation claim is pending, interest on a workers' compensation award is not warranted since the employer has, in essence, paid the employee compensation benefits, the employee has not been disadvantaged by the delayed payment of the claim, and the employer has not gained any advantage by delaying the claim. However, allowing an employer to avoid paying interest on a workers' compensation award whenever *any* type of alternative benefits are paid to an employee while the employee pursues a workers' compensation claim would provide little incentive for the employer to promptly pay compensation claims and would allow the employer to reap benefits by delaying and keeping the funds for its own use. Such a problem is readily apparent in a situation where an employee receives benefits from a source totally unconnected with his employer, such as an employee's independent insurance policy. In such a case, if the em-

ployer need not pay interest on the assigned funds recovered on the workers' compensation claim, the employer has no incentive to promptly pay the workers' compensation claim since it can enjoy the use of the money while the claim is pending. However, a situation involving a S&A group insurer assignee, where the S&A policy premiums are paid in whole or in part by the employer, may contain hidden incentives for the employer to avoid delaying paying a workers' compensation claim even if the employer is not required to pay interest on the assigned funds. The S&A group insurer assignee may increase the employer's premiums based on the number of workers' compensation claims the employer delays in paying while the group insurer provides alternative benefits. Thus the employer would be indirectly encouraged to promptly pay workers' compensation claims since the S&A insurer would pass on the costs of providing alternative benefits which should have been paid as workers' compensation benefits. On the other hand, requiring interest to be paid by the employer on a workers' compensation claim assigned to a group S&A insurer would directly encourage the employer to promptly pay compensation claims as well as reimburse the insurer for the use of its funds.

In any event, defendant in the case at bar argues that if any interest is due on the award, only Aetna, the group insurer, has standing to assert a claim for interest and that Aetna did not assert this claim in the workers' compensation proceeding. See *Remo v Ford Motor Co,* 1978 WCABO, No. 221, p 1065. Defendant, however, neglects to point out that Aetna did not involve itself in the workers' compensation proceedings for one very good reason: defendant *did not raise the instant interest issue in the proceedings below.*

The only issue involving interest raised by defendant was whether the award should bear 5% or 12% interest, an issue which has since been decided by the Supreme Court holding that the award should bear interest at the rate of 12%. *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184, *on resubmission* 419 Mich 32; 348 NW2d 652 (1984).

Although the issue of whether a workers' compensation award assigned to a group insurer who has paid alternative benefits should bear interest is one of continuing importance, we cannot allow defendant to raise it at this late date to the possible detriment of the insurer who has not had an opportunity to respond to defendant's arguments either before the board or this Court. Thus we find that defendant failed to preserve this issue for appeal and decline to decide it on its merits.

Defendant next argues that the board erred in holding that defendant was required to pay the cost of plaintiff's copies of the transcript of the proceedings before the hearing officer. The board held that once an employer files a claim for review, be it filed first or second, it must provide or bear the expense of providing copies of the transcript *to the employee* and ordered defendant to reimburse plaintiff for the cost of his copies of the transcripts.

MCL 418.859; MSA 12.237(859) provides in pertinent part:

"* * * If the employer or carrier files a claim for review to the board, or appeals to the court of appeals, or the supreme court, a copy of the testimony, depositions and other documents necessary for the appeal shall be furnished by the employer or carrier to the employee or the employee's attorney."

Administrative Code 1979, R 408.49 provides in part:

"Rule 19. (1) If a claim for review from an award of the administrative law judge is filed, the party making such claim for review shall, at his expense, file with the appeal board a complete transcript of all the testimony taken and the proceedings had before the administrative law judge within 30 days from the date the claim for review is filed. In all cases where the employer files a claim for review, a copy of the testimony, depositions, and other documents necessary for such appeal shall be furnished by the employer to the employee or his attorney."

These provisions make clear that *in all cases where an employer files a claim for review, the employer must provide a copy of the transcript to the employee.* Thus the board was correct in finding that the defendant was required to furnish or pay the cost of a copy of the transcript to plaintiff. However, what is really at issue on appeal is who bears the cost of obtaining the transcript, *i.e.,* transcription, and filing it with the board.

A party filing a claim for review must file with the board, at his expense, a transcript of the proceedings before the hearing officer. Administrative Code 1979, R 408.49; see *Wing v Refiners Transportation & Terminal Corp,* 316 Mich 365, 371; 25 NW2d 561 (1947). Thus if only one party files a claim for review, that party must bear the cost of obtaining the transcript and filing a copy with the board. If the employer is the sole party filing a claim for review, the employer must also furnish the employee with a copy of the transcript. When both parties file a claim for review, and the employer files first, the employer will initially bear the cost of obtaining the transcript and furnishing the board and the employee with a copy. When the

employee subsequently files a claim for review, the employee already has or will receive a copy of the transcript and obviously will not need to bear the cost of ordering the transcript. Furthermore, apparently the employee need not file another copy with the board because, despite the administrative provision requiring that any party making a claim for review file a transcript with the board, the board does not require the filing of a second copy when the employer has already filed the transcript.

The problem, as in this case, is a situation where the employee files first, bears the cost of obtaining the transcript and filing a copy with the board, after which the employer files a claim for review to preserve additional issues for review. A technical reading of the statute and rule would appear to require that the employer, who does not receive a copy from the employee, must again bear the burden of obtaining a transcript and submitting copies to the board and the employee. However, requiring both parties to obtain and file transcripts with the board at their expense, and, in addition, having the employer bear the expense of submitting a second copy to the employee who presumably has retained a copy of the transcript is a waste of resources. A less technical, more common sense reading of the transcript requirements which complies with the obvious intent of the statute and rule to ease the employee's burden in appealing a workers' compensation determination is that in all cases where the employer files a claim for review the employer must bear the cost of obtaining the transcript and furnishing the employee with a copy. Since the board does not require a redundant filing of copies of the transcript from both parties, requiring the employer, rather than the employee, to also file a copy of the

transcript with the board once it files a claim for review would also be in keeping with the spirit of the statute and rule.

We recognize that our decision places the employer in the unenviable position of always bearing the burden of transcript costs when both parties file a claim for review, even when the employer files only in response to the employee's filing in order to preserve additional issues for review.[2] See, *Nelson v General Motors Corp,* 122 Mich App 499, 504; 332 NW2d 514 (1983), *lv den* 417 Mich 1098 (1983). However, the legislative intent in requiring the employer to furnish copies of the transcript to the employee in all cases where the employer files a claim for review is clearly to put the burden on the employer who is presumably in a better financial position than the employee. Dissatisfaction with this scheme should be brought to the attention of the Legislature which can revise the statutory requirement, whereas this Court cannot.

Affirmed.

---

[2] The board's current practice of requiring the employer to bear these costs whenever the employer files a claim for review conforms with our interpretation of the statute and rule.