STEWARD v WESTRAN CORPORATION

Docket No. 64696. Submitted June 16, 1983, at Grand Rapids.—Decided October 25, 1983.

Gerald Steward was injured in the course of his employment with Westran Corporation. Westran, and its insurer, Insurance Company of North America, voluntarily paid benefits for medical treatments and lost time. Eventually, plaintiff was placed on favored work. When subsequently offered another favored work assignment, plaintiff refused it. He did not work for defendant after that time, and he thereafter filed a claim for workers' compensation benefits. At some time during the pendency of the claim, plaintiff requested reassignment to favored work. The Workers' Compensation Appeal Board found that, while plaintiff was not entitled to benefits following his refusal of favored work, the defendants were not entitled to continue the suspension of benefits after plaintiff requested reassignment to favored work. Payment of benefits was ordered, and defendants appealed by leave granted. *Held:*

Plaintiff's unreasonable refusal of favored work resulted in a forfeiture of compensation benefits, but such forfeiture was not necessarily permanent. Rather, it was effective only for the duration of the refusal. When plaintiff subsequently asked for favored work, the defendants were no longer entitled to suspend the benefits.

Affirmed.

Workers' Compensation — Favored Work — Forfeiture of Benefits.

An injured employee who unjustifiably refuses an offer of favored work thereby forfeits his right to workers' compensation benefits; such forfeiture is not irreversible, however, and the employee may subsequently regain his right to compensation by requesting to be again assigned to favored work.

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *Timothy J. Bott),* for plaintiff.

Reference for Points in Headnote
82 Am Jur 2d, Workmen's Compensation §§ 363, 366.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendants.

Before: R. B. BURNS, P.J., and MACKENZIE and J. L. BANKS,* JJ.

PER CURIAM. Westran Corporation (hereinafter defendant) and its insurer, Insurance Company of North America, appeal by leave granted from an April 29, 1982, opinion and order of the Workers' Compensation Appeal Board which awarded plaintiff disability compensation benefits in the amount of $112 per week.

On August 13, 1974, plaintiff was engaged in common labor at defendant's Muskegon, Michigan plant. On that day, he injured his neck and right shoulder when he was hit by a core which had been thrown by a fellow worker. For the next three years or so, plaintiff continued in his regular employment with intermittent lost time because of pain and medical treatment to his right shoulder and arm. Defendant voluntarily paid compensation benefits for plaintiff's lost time.

In November of 1977, defendant offered plaintiff favored work. The job consisted of painting the structural support poles in defendant's plant. Plaintiff was allowed to work at his own pace and to paint with whichever hand was most comfortable. On or about December 2, 1977, defendant offered plaintiff another favored work job, this time painting yellow stripes on the floor throughout the factory with a paint-lining machine. Plaintiff refused that assignment on the ground that he would not be able to do it because of his injured right arm. Plaintiff did not return to work for defendant after that date and the company ceased voluntary compensation benefits around that time.

Thereafter, plaintiff filed a claim for compensa-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion benefits, but, by decision mailed May 22, 1979, the referee denied further compensation benefits, finding that "the plaintiff has received all the benefits he is entitled to, and further that he has been offered favored work which he has unreasonably refused".

By opinion and order entered April 29, 1982, the appeal board affirmed the referee's determination that plaintiff received all the compensation benefits that he was entitled to up to June 30, 1978, but reversed the referee's decision that plaintiff forfeited his right to future compensation benefits by refusing the company's 1977 offer of favored work. The appeal board held that defendant was entitled to suspend its payment of the benefits as long as plaintiff unjustifiably refused to continue performing suitable favored work offered by it. However, the board found that, when plaintiff asked for suitable favored work some time in June, 1978, defendant was no longer entitled to suspend compensation benefits from and after June, 1978.

It is well-settled that an injured employee who unjustifiably refuses an offer of favored work forfeits his right to compensation benefits. *Bower v Whitehall Leather Co,* 412 Mich 172; 312 NW2d 640 (1981). However, the question of whether such refusal results in a permanent forfeiture of compensation benefits appears to be one of first impression in Michigan. The WCAB ruled that an unjustifiable refusal of favored work merely suspends an employee's right to compensation benefits for the duration of the refusal, reasoning as follows:

"The defendant has argued, based upon cited 'forfeiture' language contained in the recently released Supreme Court decision in *Bower v Whitehall Leather Co,*

412 Mich 172 (1981), that an unjustified refusal to continue performing suitable favored work should result in a *permanent* and *irrevocable* loss of weekly benefits. The applicable general rule, as enunciated in *Bower,* is that 'interruptions of work caused by voluntary actions of the employee * * · * result in a forfeiture of benefits.' At issue here is the gloss to be given to the term 'forfeiture.'

"Nowhere in the *Bower* opinion is the term 'forfeiture,' as it applies to the judicially-created *favored work* setting, specifically defined. However, during the following discussion of the impact ·of an 'unjustifiable refusal to accept rehabilitation pursuant to a decision of the director,' the term 'forfeiture' is equated with a 'loss or reduction of compensation * * * *for each week of the period of refusal':*

" 'Further, in the area of rehabilitation, the Worker's Disability Compensation Act itself specifically incorporates the factor of reasonableness in *judging forfeiture:*

" ' "If there is an *unjustifiable* refusal to accept rehabilitation pursuant to a decision of the director, the director shall order a loss or reduction of compensation in an amount determined by the director for each week of the period of refusal." MCL 418.319(1); MSA 17.237(319)(1). (Emphasis added.)' *Id.,* p 183.

"Such a gloss is entirely consistent with a leading, and analogous, work interruption case, *Pigue v General Motors Corp,* 317 Mich 311 [26 NW2d 900] (1947), wherein it was held that the claimant, having been provided with light *(i.e.,* 'favored') work within his capacity to perform, was not entitled to receive compensation benefits for that period during which he had refused to perform such light work because of his participation in a strike. Nowhere in *Pigue* was it stated, much less intimated, that the claimant had thereby forever and irretrievably lost his rights under the act. Further support for a 'duration of refusal' interpretation of the term 'forfeiture' can be found in the *Bower* Court's citation to, with apparent approval, and discussion of the following decision arising out of the *[sic]* Pennsylvania:

" 'In *PPG Industries, Inc v Aites,* 7 Pa Commw·Ct

588; 300 A2d 902 (1973), claimant quit favored work to become a minister. When he later found he could not earn a living wage at that profession, he attempted to find additional lighter work. *The Court held that by leaving favored employment, he did not forever waive his right to compensation. Once he attempted to secure additional employment other than as a minister, he again became eligible to receive benefits when his old favored work position was no longer available.'* (Emphasis supplied.) *Id.,* pp 188-189, fn 8.

"Accordingly, we would additionally hold that the defendant was entitled to *suspend* its payment of *weekly* benefits (as opposed to payments for medical care, the right to which remained unabated) for the duration of the plaintiff's unjustified refusal to continue performing suitable favored work offered by the defendant."

Under the circumstances of this case we agree that the decision of the appeal board was reasonable.

However, it was agreed at oral argument that the effective date of the appeal board's order should be June 30, 1979, instead of June 30, 1978.

Affirmed.