McCASLIN v GENERAL MOTORS CORPORATION

Docket No. 68723. Submitted February 8, 1984, at Lansing.—Decided
April 17, 1984. Leave to appeal applied for.

Jilann McCaslin was injured on July 7, 1979, while employed by
the Saginaw Steering Gear Division of General Motors Corpora-
tion. General Motors paid to McCaslin a weekly disability
allowance under the General Motors Disability Advance pro-
gram. The payments under this program were equal to the
payment which she was ultimately entitled to receive in bene-
fits under the Worker's Disability Compensation Act and were
continued during McCaslin's periods of disability from July 7,
1979, to October 7, 1979, and February 7, 1980, to March 30,
1980. McCaslin sought workers' disability compensation bene-
fits. Following a hearing, the hearing officer entered an order
awarding benefits for the periods previously included in the
disability advance program and for the period April 5, 1980, to
September 12, 1980, the date of the award, and ordered the
payment of continuing benefits under an open award from the
date of the award. The award ordered General Motors to pay
interest at the rate of 5% per annum from the date each
payment was due until paid. On the date of the award, only
those benefits for the period from April 5, 1980, to September
12, 1980, remained unpaid. General Motors paid the benefits
due for that period plus interest on those unpaid benefits at the
rate of 5%. General Motors credited against the awards for the
prior periods the amounts paid under the disability advance
program and paid no interest on those amounts. General Mo-
tors did not take an appeal from the hearing officer's order
granting the award. After the time for appealing the award
had passed, McCaslin petitioned for payment of the statutory
penalty for failure to pay interest on an award, basing the
claim on the failure of General Motors to pay interest as to
those portions of the award relating to the periods during
which she had received payments under the disability advance
program. General Motors argued that, since it had made pay-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 82 Am Jur 2d, Workmen's Compensation § 579.
[3] 82 Am Jur 2d, Workmen's Compensation § 609.

ments to McCaslin under the disability advance program for those periods, there were no unpaid and overdue benefits and, accordingly, no liability for payment of interest. The hearing officer ordered that interest be paid for those periods and ordered payment by General Motors of the maximum statutory penalty, holding that the failure to appeal the order granting the award acted as a bar to raising the question of whether there was liability for interest payments as to those periods for which the disability advance payments had been made. General Motors appealed to the Workers' Compensation Appeal Board, which affirmed the hearing officer's determination. General Motors appeals by leave granted. *Held:*

1. Since the purpose of the statutory interest provision is to insure that the employer will not benefit from the use of funds which are properly due to the employee as benefits, and since the payment by General Motors of the alternative disability benefits insured that it did not benefit from the use of funds ultimately determined to be due as benefits under the Workers' Disability Compensation Act, General Motors should not be held liable for interest as to those portions of the award for which the alternative benefits which were ultimately credited against the award were paid in a timely manner.

2. General Motors was not barred from raising at the hearing on the petition for payment of interest and imposition of the statutory penalty the question of its liability for payment of interest on those portions of the award for which there had been prior alternative payments. The question of its liability for interest as to those amounts which had been previously paid had not been litigated in the prior hearing; accordingly, the doctrine of res judicata was not applicable.

3. The order requiring payment of interest and imposing the penalty assessment must be set aside.

Reversed.

1. WORKERS' COMPENSATION — INTEREST.

The statutory interest imposed upon past due amounts under an award of workers' compensation benefits is imposed not as a penalty but rather is imposed because the employer benefits from the use of the money determined to be due to the employee and because the employee has to do without the use of the withheld funds.

2. WORKERS' COMPENSATION — INTEREST.

An employer which pays to an injured employee on a weekly basis a disability allowance equal to the amount ultimately

determined to be the amount the employee is entitled to receive under the Worker's Disability Compensation Act is not liable for the statutory interest on the award to the extent that the disability allowance payments are credited against the awarded benefits and acted to discharge the awarded benefits when due, since under such circumstances the employer did not have the benefit of the use of unpaid award benefits and the employee was not deprived of the use of the money.

3. WORKERS' COMPENSATION — RES JUDICATA — INTEREST.

An employer may properly raise in a proceeding brought by an employee for payment of allegedly unpaid interest on a workers' disability compensation award and for the statutory penalty for failing to pay interest on the award the question of whether the awarded benefits had already been paid in a timely fashion where that question had not been litigated in the proceeding which led to the award of benefits, the order awarding benefits not having res judicata effect with respect to the question of whether, in fact, there were unpaid benefits which would subject the employer to the interest provision of the order granting the award.

*Davidson, Breen & Doud, P.C.* (by *Richard J. Doud),* for plaintiff.

*Otis M. Smith,* General Counsel, and *Willard W. Wallace, Jr.,* and *Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *E. Louis Ognisanti* and *Michael J. Jordan),* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and R. C. ANDERSON,* JJ.

PER CURIAM. Defendant appeals, by leave granted, from an opinion and order of the Workers' Compensation Appeal Board (WCAB). The WCAB, one member dissenting, affirmed the decision of the hearing officer ordering defendant to pay the maximum penalty of $1,500 for failure to pay interest on a final award, MCL 418.801(2);

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 17.237(801)(2), and ordering that the interest be paid.

The facts are not disputed. In July, 1979, plaintiff, Jilann McCaslin, injured her back while employed by defendant, General Motors Corporation. Following plaintiff's petition for benefits, a hearing was held before a hearing officer. On September 30, 1980, the hearing officer entered a decision ordering defendant to pay the following benefits: (a) for the period of July 7, 1979, through October 7, 1979, defendant was ordered to pay weekly benefits at the rate of $173 per week; (b) for the period of February 7, 1980, through March 30, 1980, defendant was ordered to pay weekly benefits at the rate of $188 per week; (c) for the period of April 5, 1980, through September 12, 1980, and until further order of the bureau, defendant was ordered to pay $188 per week, subject to § 361 of the act; (d) payment of unpaid medical expenses and mileage expenses; and (e) payment of Blue Cross-Blue Shield lien. The award provided that defendant pay interest "at the rate of 5% per annum from the date each payment was due until paid". The award further provided that defendant would be given credit for all amounts it had voluntarily paid.

Defendant is self-insured under the Worker's Disability Compensation Act. Prior to the hearing officer's September 30, 1980, award, defendant had been paying plaintiff a weekly disability allowance equal to the amount she was ultimately entitled to receive under the act, as reflected in the hearing officer's award. Following the award, the only past due amount which had not been paid pursuant to the General Motors Disability Advance (GMDA) program was for the period of April 5, 1980, through September 12, 1980. Following issuance of

the award, defendant paid this amount, plus five percent interest. The fees paid to plaintiff's attorney were computed on the basis of the entire award, including the amounts paid under the GMDA program. Defendant also made a bookkeeping transfer so that the money previously paid pursuant to the disability advance program was debited against its workers' disability compensation account. Defendant did not appeal the hearing officer's order and began paying benefits pursuant to the open award.

Thirty days after the time for appealing the award had expired, plaintiff petitioned for payment of the $50-per-day penalty provided by § 801(2), based on defendant's failure to pay interest on the award. On August 28, 1981, a hearing was held on plaintiff's petition before the hearing officer. At the hearing, the parties agreed that all amounts due under the award had been paid. The only issue was whether defendant should be required to pay the five percent interest on the amounts it had paid plaintiff through the GMDA program prior to the award. Defendant argued that the basis for awarding interest is to compensate the employee for the denial of the use of funds which are later determined to be due to the employee. Therefore, since the plaintiff had not been denied the use of funds, there was no interest due under the award. Further, even if plaintiff's contentions were correct, the ongoing dispute over the matter prevented assessment of a penalty. The plaintiff argued that the way the payments were categorized was controlling and that defendant owed five percent interest from the date of each payment until the bookkeeping transfer made pursuant to the hearing officer's award.

On October 20, 1981, the hearing officer ren-

dered his decision, ordering that the interest be paid and assessing the maximum penalty of $1,500 pursuant to MCL 418.801(2); MSA 17.237(801)(2). From this decision defendant appealed to the WCAB and plaintiff filed a cross-appeal.

On November 29, 1982, the WCAB issued an opinion affirming the hearing officer's order. The WCAB held that res judicata precluded the defendant's challenge to the award of interest in the hearing officer's original September 20, 1979, order. Since the award was not complied with, the WCAB held that the penalty was proper. The dissenting member stated that the imposition of the penalty was not proper in the instant case. This member did not believe that § 821(2), MCL 418.821(2); MSA 17.237(821)(2), which authorized the procedure by which defendant received credit for its advance payments, or the September 30, 1980, award, could be interpreted to require interest payments. On May 23, 1983, this Court granted defendant's application for leave to appeal from the WCAB's order affirming the hearing officer's order directing the interest to be paid and the penalty assessed.

In this appeal we must determine whether an employer may be required to pay interest on weekly benefits pursuant to a workers' compensation award where alternative benefits were advanced to the employee and such benefits were credited against the award. We hold that an employer is not so obligated.

The September 30, 1980, order of the hearing officer providing for weekly benefits required interest "at the rate of 5% per annum from the date each payment was due until paid". The award also provided that defendant would be credited for the payments which had already been made by defen-

dant to plaintiff. The only reasonable interpretation of the award is that defendant was to pay interest on those portions of the award which were due and not pay interest on those portions of the award which had already been paid by GMDA benefits for which defendant was credited. This is also the only interpretation consistent with the law.

It is undisputed that plaintiff received GMDA benefits at the same rate of payment as the workers' compensation rate. Despite this fact, plaintiff argues that an award of interest is proper. Interest is not imposed upon past due benefits as a penalty. Rather, it is imposed because the employer benefits from the use of the money determined to be due to the employee and because the employee had to do without its use. *Drake v Norge Division, Borg-Warner Corp,* 367 Mich 262, 467; 116 NW2d 842 (1962); *Wilson v Doehler-Jarvis Division of National Lead Co,* 358 Mich 510, 516-517; 100 NW2d 226 (1960). In the instant case defendant did not have the use of the money and plaintiff was not deprived of the use of the money. Therefore, it would not make sense to require defendant to pay interest.

Plaintiff argues that defendant should pay interest because plaintiff has lost seniority, eligibility for personal holidays, and eligibility for vacation pay. Plaintiff also argues that plaintiff's union will lose leverage at the bargaining table because defendant will claim noncompensable sick leave as an employee benefit in order to reduce the plaintiff's union's demands. None of these claims is based on any facts which are contained in the record before this Court, nor are they based on an interpretation of the Worker's Disability Compensation Act.

The WCAB majority's application of the res judicata doctrine was clear legal error. At the heart of this doctrine is the proposition that one may not relitigate questions that were, or could have been, determined in a prior action. See *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980). Defendant did not seek to relitigate the fact that five percent interest had to be paid on any unpaid benefits. Rather, defendant's contention was that the benefits were in fact paid and, therefore, no interest was due under the award. This issue was never litigated. Further, defendant would have no reason to raise this issue, as a fair reading of the hearing officer's original order makes defendant liable for interest only on any unpaid benefits.

Because defendant was not liable for the disputed interest payments, the $1,500 penalty assessment made pursuant to MCL 418.801(2); MSA 17.237(801)(2) was also erroneous. The award of interest and the penalty assessment are vacated.

Reversed.