MARTIN v GENERAL MOTORS CORPORATION

Docket No. 88126. Submitted June 17, 1986, at Lansing. Decided August 14, 1986. Leave to appeal denied, 426 Mich 880.

Frank I. Martin was awarded weekly workers' compensation benefits by the Workers' Compensation Appeal Board, which had reversed a hearing referee's decision denying the award. General Motors Corporation, Saginaw Steering Gear Division, Martin's employer, voluntarily paid interest on past due benefits for periods during which Martin did not receive payments from General Motors and its insurer, Metropolitan Life Insurance Company, which were advanced subject to reimbursement if Martin received a workers' compensation award. On Martin's petition, the hearing referee ruled that General Motors was liable for interest on past due benefits, including interest on benefits which were due during the period when Martin received advance payments from General Motors and Metropolitan Life. The WCAB, except for a change in the applicable interest rate, affirmed that ruling in a split decision. General Motors appealed by leave granted.

The Court of Appeals held:

Interest is not imposed upon past due benefits as a penalty, but, rather, because an employer benefits from the use of the money determined to be due to the employee and because the employee had to do without its use. In this case, interest for those periods when Martin received the advances from General Motors and Metropolitan Life was improper, since the advance payments precluded the existence of the conditions discussed above.

Reversed.

1. WORKERS' COMPENSATION — INTEREST.

The statutory interest imposed upon past due amounts under an award of workers' compensation benefits is imposed not as a penalty but rather is imposed because the employer benefits

REFERENCES

Am Jur 2d, Workmen's Compensation § 579.

See the annotations in the Index to Annotations under Workers' Compensation.

from the use of the money determined to be due to the employee and because the employee has to do without the use of the withheld funds.

2. WORKERS' COMPENSATION — INTEREST — ALTERNATIVE BENEFITS.

An employer, which advances payments to its injured employee while the injured employee's claim for workers' compensation is pending under an agreement that such advances are subject to reimbursement upon the award of workers' compensation, is not liable for interest imposed by statute on past due benefits in the event that the employee is awarded workers' compensation benefits for those periods during which he received the advance payments.

*Davidson, Breen & Doud, P.C.* (by *Ferris L. Arnold*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Scott S. Strattard*), for defendant.

Before: SHEPHERD, P.J., and J. H. GILLIS and MACKENZIE, JJ.

PER CURIAM. Defendant appeals by leave granted from a decision of the Workers' Compensation Appeal Board which affirmed an award of interest and the assessment of a $1,500 penalty which was ordered by the hearing referee.

Plaintiff filed a petition for hearing with the Bureau of Workers' Disability Compensation on May 4, 1978, seeking benefits for a work-related injury. Benefits were originally denied by the hearing referee, but that decision was reversed by the WCAB on November 5, 1981. The WCAB decision awarded benefits in the amount of $132 per week, but the board did not reach the question of interest which might be due and owing. Nonetheless, the defendant voluntarily paid interest on the award, as provided by statute, except as to those periods of time during which plaintiff received

alternative benefits in the form of General Motors Disability Advance (GMDA) payments from the defendant and extended disability benefits (EDB) from defendant's insurer, Metropolitan Life Insurance Company. These payments were made subject to reimbursement agreements requiring plaintiff to repay the amounts advanced should a workers' compensation award be entered in his favor.

Plaintiff subsequently filed a petition with the WCAB alleging that defendant should have paid interest on the entire award without regard to the alternative benefits received. The hearing referee agreed that interest was due and owing on the entire award pursuant to MCL 418.801(5); MSA 17.237(801)(5). Defendant was also ordered to pay a $1,500 penalty pursuant to MCL 418.801(2); MSA 17.237(801)(2).

On appeal to the WCAB, a majority of the appeal board modified the decision as to the applicable rate of interest, but otherwise affirmed. However, WCAB member Jane S. Colombo dissented, finding this Court's opinion in *McCaslin v General Motors Corp,* 133 Mich App 782; 349 NW2d 544 (1984), to be controlling. The plaintiff in *McCaslin* also received GMDA benefits while her workers' compensation claim was being litigated, and thus the issue was whether defendant was liable to pay interest on the amount it had paid plaintiff through the GMDA program. In deciding the issue, this Court noted that "[i]nterest is not imposed upon past due benefits as a penalty," but, rather, "because the employer benefits from the use of the money determined to be due to the employee and because the employee had to do without its use." 133 Mich App 788. As a result of its payment of benefits under the GMDA program, the employer did not have the use of the money and plaintiff was not deprived of its use, and thus the Court concluded that the

purpose behind the imposition of interest would not be served. *Id.*

The present case can be distinguished from *Mc-Caslin* because plaintiff here received not only alternative funds advanced by his employer, but also funds provided by a separate group insurer. However, as decided in a very recent opinion from this Court, *Burns v General Motors Corp,* 151 Mich App 520; 391 NW2d 396 (1986), this distinction does not justify a different result than that reached in *McCaslin.* Rather, since the benefits in question in that case were paid to plaintiff by the employer's insurer, only the insurer would have standing to assert an entitlement to interest. The same is true in the instant case. Since plaintiff was not denied the use of the funds in question, "any claim that interest is due on EDB payments from Metropolitan to the plaintiff is a matter which in this case is strictly between the insurer and the defendant."[1] *Burns, supra,* p 531. We therefore conclude that dissenting WCAB member Colombo was correct in finding *McCaslin* to be controlling. We also agree with her conclusion that since defendant was not obligated to pay interest, no penalty can be assessed for its failure to pay that interest.

Reversed.

---

[1] We note that, other than the plaintiffs, the parties involved in *Burns v General Motors Corp,* 151 Mich App 520; 391 NW2d 396 (1986), and the instant case are the same.