RUSSELL v GENERAL MOTORS CORPORATION

Docket No. 99815. Submitted March 10, 1988, at Detroit. Decided November 7, 1988. Leave to appeal applied for.

In August, 1969, Rita Russell injured her back and neck in the course of her employment with General Motors Corporation. She went on sick leave for extended periods in 1969, 1970 and 1971 for that neck and back injury. Russell received workers' disability compensation benefits during those periods. From May, 1971, to July 31, 1973, Russell took extensive sick leaves for breathing difficulties which were not work-related. August 22, 1973, was Russell's last day of work. Russell sought disability benefits for both the neck and shoulder condition and the respiratory condition. During the pendency of the determination of the workers' disability compensation claim, Russell was paid benefits under employer-sponsored sickness and accident and extended-disability insurance programs. In 1979, the Workers' Compensation Appeal Board finally affirmed an open award for the shoulder disability but held that the respiratory disability was not work-related. When General Motors commenced payment of benefits in October, 1979, it deducted the amounts of sickness and accident and extended-disability insurance benefits that plaintiff had received. Russell petitioned for a penalty hearing. The hearing referee fined General Motors for the seven-day delay in making payment, but refused to order payment of the amounts deducted for reimbursement of the sickness and accident and extended-disability insurance benefits that had previously been paid. General Motors on April 18, 1980, offered Russell favored work. Russell did not respond to that offer. On April 8, 1981, a hearing referee determined that benefits could be terminated by reason of Russell's failure to perform favored work. On April 13, 1981, General Motors fired Russell. On October 27, 1981, Russell indicated a desire to then take the favored work. General Motors refused to permit her to work. Russell requested a

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 1, 364 et seq., 579, 658.

Tort liability of worker's compensation insurer for wrongful delay or refusal to make payments due. 8 ALR4th 902.

second penalty hearing on the question whether workers' disability compensation benefits should be resumed. The referee found no reason to resume benefits or impose any penalty. Russell appealed to the Workers' Compensation Appeal Board, which affirmed. Russell sought leave to appeal to the Court of Appeals, which was denied. Russell then sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded to the Court of Appeals for consideration as on leave granted. 428 Mich 879 (1987).

The Court of Appeals *held:*

1. An offer of favored work must be kept open for a reasonable period of time. After the expiration of a reasonable period of time, however, the employee forfeits the right to workers' compensation benefits. Russell failed to accept the offer of favored work within a reasonable period of time.

2. The employer was entitled to credit against the amount of the workers' compensation award the amounts paid to Russell as sickness and accident and extended-disability benefits during the pendency of the workers' disability compensation claim, since the employer caused such amounts to be paid during such period.

3. Interest is properly payable by the employer on the net award after any credits for prior payments have been subtracted.

4. There was competent evidence to support the conclusion that Russell's refusal to take the offered favored work was unreasonable.

5. Since the refusal by General Motors to pay workers' disability compensation benefits prior to a final adjudication does not involve any government action, there arises no constitutionally protected due process violation.

6. Since General Motors was entitled to credit against its workers' disability compensation award liability the amounts previously paid under the sickness and accident and extended-disability insurance programs and paid interest on the net amount due, it incurred no liability for any penalty beyond the late payment penalty it paid.

Affirmed.

1. WORKERS' COMPENSATION — FAVORED WORK — FORFEITURE OF BENEFITS.

The favored work doctrine requires an employer to keep open an offer of favored work for a reasonable time under all the circumstances; after the expiration of a reasonable time, however, the employee forfeits the right to workers' compensation benefits.

2. WORKERS' COMPENSATION — SICKNESS AND ACCIDENT BENEFITS — EXTENDED DISABILITY BENEFITS.

An employer is entitled to credit against a workers' compensation award those amounts which had been paid to the employee under an employer-sponsored sickness and accident and extended-disability insurance program during the pendency of the determination of workers' compensation benefits.

3. WORKERS' COMPENSATION — INTEREST — REIMBURSEMENT.

An employer is required to pay interest on the net unpaid workers' disability compensation award, which is determined by subtracting from the gross award any payments previously made, including the reimbursement for sickness and accident and extended-disability payments made to the employee from an employer-sponsored insurance program during the pendency of the workers' compensation determination process.

4. WORKERS' COMPENSATION — EMPLOYER'S REFUSAL TO PAY BENEFITS — DUE PROCESS.

The refusal of a private employer to pay workers' disability compensation benefits prior to a final determination of the employee's entitlement to those benefits does not give rise to any due process claim by the employee, since the refusal of the private employer to act does not involve any government action.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries*), for plaintiff.

*Conklin, Benham, Ducey, Ottaway, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for defendant.

Before: DOCTOROFF, P.J., and CYNAR and P. D. HOUK,* JJ.

P. D. HOUK, J. Plaintiff, Rita Russell, appealed from three decisions made by either hearing referee Russell E. Bine or Charles C. Conklin. On September 30, 1985, the Workers' Compensation Appeal Board affirmed all three decisions. Plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff's petition for leave to appeal to this Court was denied, as was her motion for reconsideration. Plaintiff applied for leave to the Supreme Court which, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted. *Russell v General Motors Corp*, 428 Mich 879; 402 NW2d 483 (1987). We affirm the WCAB's decision.

The facts are not in dispute. On August 19, 1969, while employed by defendant, General Motors Corporation, plaintiff injured her neck and back while pulling at an automobile seat that was caught in her sewing machine. She went on sick leave from that date to January 25, 1971, and from February 8 to March 29, 1971. In May, 1971, plaintiff started to experience breathing difficulties and went on sick leaves from May 14, 1971, to March 7, 1972, and from August 3, 1972, to July 31, 1973. Her last day of work was August 22, 1973.

On July 30, 1979, the WCAB ordered that workers' compensation benefits be paid to plaintiff for her neck and arm orthopedic disability, but not for her pulmonary problems. *Russell v General Motors Corp*, 1979 WCABO 1940. Neither party appealed, and that decision became final on August 29, 1979.

When defendant commenced payment of the benefits on October 5, 1979, it deducted the amount of sickness and accident and extended-disability insurance benefits that plaintiff had received either while on sick leave or after her final day of work. Plaintiff protested and petitioned for a Rule v penalty hearing. See MCL 418.801; MSA 17.237(801). Referee Bine fined defendant $350 for the seven-day delay in payment, but refused to order defendant to pay back the amount of benefits deducted.

On April 18, 1980, defendant sent plaintiff a letter in which it offered her favored work. Plaintiff never responded and defendant filed a petition to stop payment of benefits. A hearing was held before referee Conklin, who found that plaintiff had unreasonably refused to perform favored work and thereby granted defendant's petition.

Five days after referee Conklin issued his decision, on April 13, 1981, defendant fired plaintiff pursuant to her union contract. On October 27, 1981, plaintiff presented herself to defendant, and asked to be permitted to do the favored work. Defendant refused, and plaintiff requested a second penalty hearing on the question whether workers' compensation benefits should be resumed. At that hearing, referee Conklin found that defendant's nonpayment of benefits did not constitute noncompliance with the prior award and refused to impose any penalties.

Plaintiff appealed the last three decisions to the WCAB, which affirmed all three.

On appeal, plaintiff raises six issues. Plaintiff claims that her right to receive workers' compensation benefits resumed either on April 13, 1981, when defendant fired her and, thereby, withdrew its offer of favored work, or, at the latest, in October, 1981, after defendant refused to employ her. We disagree; and, in doing so, we interpret *Steward v Westran Corp,* 130 Mich App 68; 343 NW2d 7 (1983), differently than did the panel in *Hartsell v Richmond Lumber Co,* 154 Mich App 523; 398 NW2d 456 (1986), lv den 426 Mich 886.

As stated in *Steward,* 130 Mich App at 70: "It is well-settled that an injured employee who unjustifiably refuses an offer of favored work forfeits his right to compensation benefits." The *Steward* Court answered the question whether an unjustifi-

able refusal resulted in a permanent forfeiture of benefits by holding that, "[u]nder the circumstances of this case," the employee's right to benefits was merely suspended for the duration of the refusal. *Steward,* 130 Mich App at 72. The *Hartsell* majority interpreted *Steward* as meaning that the receipt of benefits was suspended only during the period of an employee's unreasonable refusal. *Hartsell,* 154 Mich App at 534. Thus, the plaintiff in *Hartsell* was entitled to continuing disability compensation when defendant withdrew its offer of favored work by closing its plant. We reject the blanket rule of *Hartsell,* which bases its decision on one factor, namely the duration of the employee's unreasonable refusal; instead we opt for a formula which evaluates many factors, including the reasonableness of the parties' conduct.

Our approach agrees with that set out in the partial dissent in *Hartsell,* written by MACKENZIE, P.J. (who was on the *Steward* panel). Judge MAC-KENZIE interprets the favored work doctrine as requiring only that an employer keep open an offer for a reasonable time under all the circumstances. *Hartsell,* 154 Mich App at 534-535. The policies of mitigation and rehabilitation are not served by forcing a company to hold open a job offer indefinitely, as explained by Judge MACKEN-ZIE in *Hartsell,* and such an approach would promote unsound results. It must be remembered that it is the employee's unreasonable refusal which triggers the initial forfeiture of benefits. There comes a point after which it is unreasonable to think that such employee might someday accept the offer that was originally spurned. It is at that point that a company should be permitted to withdraw its offer with no fear of disadvantage.

Since the WCAB applied the correct legal test when determining whether to order the resump-

tion of benefits, our function as a reviewing court is extremely limited. The findings of fact of the WCAB are conclusive in the absence of fraud and will not be disturbed if supported by competent evidence in the record. *Bower v Whitehall Leather Co,* 412 Mich 172, 197; 312 NW2d 640 (1981); MCL 418.861; MSA 17.237(861), MCL 418.861a; MSA 17.237(861a). As noted by the WCAB, plaintiff attempted to return to work only after she unreasonably refused to perform, and the job became unavailable only because of her earlier rejection. It should also be noted that she was discharged pursuant to the terms of her contract. We find that the WCAB did not err in refusing to order the resumption of benefits.

Plaintiff claims that error arose by reason of the deductions taken by defendant as reimbursement for the sickness and accident and extended-disability benefits paid to plaintiff. Plaintiff received compensation during her initial 1969-1971 sick leave. After her last day of work, she received extended-disability benefits from Metropolitan Life Insurance Company. She signed a reimbursement agreement for the sickness and accident benefits, but not for the extended-disability benefits.

Since the extended-disability benefits were provided by Metropolitan Life Insurance Company pursuant to its policy with defendant, they were benefits "caused to be paid" by defendant within the meaning of MCL 418.811; MSA 17.237(811). Therefore, they could be considered in fixing workers' compensation benefits, and defendant was entitled to credit. Under this provision, a reimbursement agreement is not necessary.

Furthermore, it does not matter that the extended-disability benefits were for injuries which were not work-related. In *Aetna Life Ins Co v Roose,* 413 Mich 85; 318 NW2d 468 (1982), under

MCL 418.821(2); MSA 17.237(821)(2), an insurance company was found to be entitled to reimbursement from the employee to whom it had made sickness and accident payments. In the instant case, all but the first applications for sick leave were based on plaintiff's pulmonary problems, which were determined not to be work-related. We believe that the employer should be allowed to take a credit for the amounts paid to plaintiff, since extended-disability benefits serve the same purpose as sickness and accident benefits, namely, providing a way for an employee to make ends meet while a workers' compensation claim is pending. We find no error.

Plaintiff next argues that the WCAB erred in failing to order defendant to pay interest on all of the accrued workers' compensation benefits, including those subtracted as a credit to defendant for the sickness and accident benefits and extended-disability benefits. Since plaintiff had been paid these alternative benefits which were later credited against the award, she had use of the money, and her argument fails. *McCaslin v General Motors Corp,* 133 Mich App 782, 788; 349 NW2d 544 (1984), lv den 419 Mich 945 (1984); see also *Martin v General Motors Corp,* 156 Mich App 557, 559-560; 402 NW2d 4 (1986), lv den 426 Mich 880 (1986). To the extent that *Montanez v Chrysler Corp,* 145 Mich App 551, 556-558; 378 NW2d 546 (1985), suggests that interest is payable on alternative benefits provided by a separate group insurer assignee, that language is dicta and cannot be relied on in the face of the *McCaslin* holding.

Next, plaintiff challenges the WCAB finding that her refusal to perform the favored work was unreasonable. In making this finding, the WCAB referred to the testimony of Dr. James Horvath, an orthopedic surgeon. Although Dr. Horvath's testi-

mony did not cover plaintiff's pulmonary problems, we find that there was competent evidence to support the WCAB's conclusion. The WCAB clearly addressed and decided the issue when it summarized Dr. Horvath's testimony that plaintiff was able to perform the favored work.

Plaintiff's argument that her due process rights were violated when defendant refused to pay workers' compensation benefits prior to the final establishment of plaintiff's physical capability also fails. Defendant's internal system of payment did not involve any government action and, thus, neither the United States nor Michigan Constitutions were implicated. *Edmond v Dep't of Corrections (On Remand),* 143 Mich App 527, 533; 373 NW2d 168 (1985).

Lastly, since defendant properly took as a credit the extended-disability benefits paid to plaintiff and paid the proper amount of interest on the net amount, it complied with the WCAB order, and the WCAB properly refused to impose any penalties. See *Martin,* 156 Mich App at 560 (since defendant was not obligated to pay interest, no penalty can be assessed for its failure to pay that interest).

The WCAB decision is affirmed.