DERR v MURPHY MOTOR FREIGHT LINES

Docket No. 136833. Submitted June 2, 1992, at Lansing. Decided August 3, 1992, at 10:00 A.M. Leave to appeal sought.

George J. Derr sought workers' compensation benefits from Murphy Motor Freight Lines, Carrier Insurance Company, and the Michigan Property & Casualty Guaranty Association for a December 13, 1984, work-related injury. A magistrate found that Derr was disabled and granted an open award of benefits. The Workers' Compensation Appeal Board affirmed. The defendants appealed by leave granted, and the plaintiff cross appealed.

The Court of Appeals *held:*

1. The defendants' claim that it was error for a magistrate who was not the original trier of fact to issue an opinion on the merits of this case is irrelevant because the case was reviewed by the WCAB, which is required to conduct fact finding de novo.

2. The appeal board erred in finding that, although the plaintiff forfeited his right to weekly benefits when he refused his employer's offer of favored work, the right was reinstated when Murphy later filed for bankruptcy. MCL 418.301(5); MSA 17.237(301)(5) should not be interpreted to mean than an employee's refusal of favored work ends when the employer goes out of business. The favored-work doctrine requires only that an employer keep an offer open for a reasonable time under all the circumstances. In this case, the offer was kept open for 1½ years.

3. The appeal board's findings that the favored work offered to the plaintiff was reasonable and within his medical restrictions are supported by competent evidence on the record.

The order awarding the plaintiff benefits after the date of his refusal of favored work is reversed.

WORKERS' COMPENSATION — FAVORED-WORK DOCTRINE.

The favored-work doctrine requires an employer to keep an offer of favored work for an injured employee open for a reasonable

REFERENCES

Am Jur 2d, Workers' Compensation § 399.

See the Index to Annotations under Workers' Compensation.

time; an injured employee who refuses such favored work is not entitled to wage-loss benefits following the refusal even though the employer subsequently files for bankruptcy, thereby effectively withdrawing its offer (MCL 418.301[5]; MSA 17.237[301] [5]).

*Zamler, Mellen & Shiffman, P.C.* (by *Joel Jonas*), for the plaintiff.

*Sinn, Day, Felker, Chinitz & Lovernick, P.C.* (by *Thaddeus F. Felker*), for the defendants.

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

WEAVER, P.J. Plaintiff began working for Murphy Motor Freight Lines as a trailer-truck driver in October 1968. On December 13, 1984, plaintiff injured his back while unloading desks from a truck. Plaintiff attempted to return to work on January 21, 1985, but the pain was too severe. He was placed on medical leave and began to receive workers' compensation benefits. On June 18, 1985, Murphy offered plaintiff a job involving security and clerical duties tailored to meet plaintiff's medical restrictions. However, plaintiff refused the job, stating he was afraid his medication would make him drowsy and unable to drive. Plaintiff brought a claim for workers' compensation benefits.

The magistrate found plaintiff disabled as a result of the December 13, 1984 injury and granted an open award of benefits. Defendants appealed, and the Workers' Compensation Appeal Board affirmed. Defendants now appeal by leave granted, and plaintiff cross appeals. We reverse.

I

Defendants first claim it was error for magistrate Freedman to issue an opinion on the merits

of this case when he was not the original trier of fact.

The case was originally assigned to hearing referee Washington, who took testimony on three days. The statutory changes that substituted magistrates for referees then took effect, and the case was assigned to magistrate Tilles. When Tilles had a heart attack, the case was assigned to magistrate Freedman. Defendants argue the case should be remanded for a new decision after further hearing. We disagree.

This case was reviewed by the WCAB, which is specifically required to conduct fact finding de novo. The WCAB commits legal error if it relies upon the findings or expertise of the referee or magistrate. *Kostamo v Marquette Iron Mining Co*, 405 Mich 105; 274 NW2d 411 (1979). Thus, defendants' complaint is irrelevant.

## II

Defendants contend the WCAB erred in awarding plaintiff weekly benefits after it found plaintiff unreasonably refused their offer of favored work. The WCAB found plaintiff forfeited his right to benefits from the date of his refusal, June 19, 1985, but held that it was reinstated as of February 26, 1987, when Murphy filed for bankruptcy.

The favored-work doctrine requires only that an employer keep open an offer for a reasonable time under all the circumstances. *Russell v General Motors Corp*, 172 Mich App 627; 432 NW2d 738 (1988). After that time, the company should be permitted to withdraw its offer with no fear of disadvantage. Id. In this case, the offer was effectively kept open for over a year and a half. During that time, no indication was given by plaintiff that he might be interested in the job. Thus, even

though the company's bankruptcy effectively meant the offer was withdrawn, plaintiff was not once again entitled to compensation benefits.

Plaintiff argues that MCL 418.301(5); MSA 17.237(301)(5) should be interpreted to mean that the employee's refusal ends when the employer either withdraws its offer or goes out of business. Review of the statute[1] does not persuade us of the validity of this argument.

Our holding in this section renders the remainder of defendants' arguments moot.

### III

Plaintiff has cross appealed, arguing that the job offer was not reasonable because he could not perform the work offered by Murphy. Plaintiff contends that he rejected the job partly because the medication he was taking caused drowsiness and he was afraid that he would kill someone if he drove to work. Plaintiff therefore contends that the offered work was not reasonable employment because it threatened his health and safety and was not within a reasonable distance from his residence, as required under MCL 418.301(9); MSA 17.237(301)(9).[2]

---

[1] MCL 418.301(5); MSA 17.237(301)(5) provides in pertinent part:

"If disability is established pursuant to subsection (4), entitlement to weekly wage loss benefits shall be determined pursuant to this section and as follows:

"(a) If an employee receives a bona fide offer of reasonable employment from the previous employer, another employer, or through the Michigan employment security commission and the employee refuses that employment without good and reasonable cause, the employee shall be considered to have voluntarily removed himself or herself from the work force and is no longer entitled to any wage loss benefits under this act during the period of such refusal.

[2] For the purposes of this appeal only, we assume that § 301(9) does in fact apply.

We disagree. The WCAB found that the offered employment was reasonable, falling within plaintiff's medical restrictions, and rejected plaintiff's explanation for his refusal to take the position. These findings are supported by competent record evidence and are therefore conclusive. MCL 418.861; MSA 17.237(861).

We reverse the order of the WCAB awarding plaintiff benefits after June 18, 1985. We do not retain jurisdiction.