McJUNKIN v CELLASTO PLASTIC CORPORATION (ON REMAND)

Docket No. 198732. Submitted July 1, 1997, at Grand Rapids. Decided
        October 31, 1997, at 9:05 A.M. Leave to appeal sought.

Gary L. McJunkin applied in the Bureau of Worker's Disability Compensation for worker's compensation benefits beyond those that Cellasto Plastic Corporation had paid voluntarily for a back injury McJunkin sustained in January 1991. Following the injury, McJunkin did not work for the most part until August 1991, when he was placed in a light-duty job. In October 1991, he was diagnosed as having a herniated disc, and in December 1991, he underwent back surgery. McJunkin did not work until June 1992, when he was offered a modified version of the light-duty job he had performed before the surgery. After briefly attempting to perform that job, McJunkin stopped working. Within a week, McJunkin saw the surgeon who had operated on him. The surgeon provided McJunkin with a slip indicating that McJunkin should not work until further notice. In July 1992, Cellasto referred McJunkin to a physician for magnetic resonance imaging studies. The physician concluded that McJunkin's back pain was being caused by an extruded herniated disc fragment. The physician recommended steroid injections and determined that McJunkin could return to work with certain restrictions. Cellasto renewed its offer of the modified light-duty job, which was within the restrictions prescribed by the physician. McJunkin refused the offer. In the proceedings before a worker's compensation magistrate, McJunkin's surgeon testified by deposition that McJunkin could perform the offered job after the surgeon viewed a videotaped demonstration of the job. McJunkin thereafter contacted Cellasto to accept the offered job, but by that time the job had been phased out in a restructuring. The magistrate decided McJunkin had incurred a work-related injury, but had unreasonably refused an offer of work that he could have performed. The magistrate ordered that worker's compensation benefits be discontinued. The Worker's Compensation Appellate Commission affirmed the magistrate's decision, making an additional finding that Cellasto was not obligated to keep the job offer open indefinitely, but only for a reasonable period. McJunkin sought, but was denied, leave to appeal in the Court of Appeals. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for con-

sideration as on leave granted and in light of *Derr v Murphy Motor Freight Lines*, 452 Mich 375 (1996), and *Price v City of Westland*, 451 Mich 329 (1996). 453 Mich 911 (1996).

On remand, the Court of Appeals *held*:

1. Competent evidence supports the determination by the magistrate and the appellate commission that McJunkin's refusal of the offered job was unreasonable. In the absence of fraud, that determination is binding on the Court of Appeals. *Price* is distinguishable from this case inasmuch as in *Price* the employer had ordered the employee to return to work without limitation. *Derr* supports the determination in this case that McJunkin unreasonably had refused the job offered to him.

2. McJunkin's worker's compensation benefits must be restored. As held in *Derr*, MCL 418.301(5)(a); MSA 17.237(301)(5)(a) requires that benefits be forfeited only during the period of the employee's unreasonable refusal to accept favored work, and once an offer is withdrawn, it can no longer be refused. Here, the phase-out of the job at issue was a withdrawal of the offer of favored work.

Affirmed in part, reversed in part, and remanded.

SAAD, P.J., concurring, stated dissatisfaction with the *Derr* decision to the extent that it compels the holding that benefits must be restored anytime an offer is withdrawn without regard to the employee's willingness or availability to work.

1. WORKER'S COMPENSATION — UNREASONABLE REFUSALS OF FAVORED WORK — FACTUAL FINDINGS — APPEAL.

Whether a refusal to accept a bona fide offer of reasonable employment is for good and reasonable cause entails an analysis of the facts case by case; on appeal to the Court of Appeals, factual findings by the Worker's Compensation Appellate Commission with respect to a refusal of an offer of reasonable employment are binding on the Court of Appeals if they are supported by competent evidence, absent fraud or unless otherwise provided by law (Const 1963, art 6, § 28; MCL 418.301[5][a], 418.861a[14]; MSA 17.237[301][5][a], 17.237[861a][14]).

2. WORKER'S COMPENSATION — OFFERS OF FAVORED WORK — WITHDRAWALS — UNREASONABLE REFUSALS OF FAVORED WORK.

Worker's compensation benefits are forfeited only during the period of the employee's unreasonable refusal to accept a bona fide offer of favored work; once an offer is withdrawn, as by the phase-out of the position in a restructuring, the offer can no longer be refused and benefits must be restored (MCL 418.301[5][a]; MSA 17.237[301][5][a]).

*Williams, Klukowski, Fotieo & Szczytko, P.C.* (by *Tonya A. Fedewa*), for Gary L. McJunkin.

*Grzanka Grit* (by *Garrett TenHave-Chapman*), for Cellasto Plastic Corporation.

ON REMAND

Before: SAAD, P.J., and NEFF and REILLY, JJ.

NEFF, J. In this worker's compensation case we are called on to decide two separate issues related to the statutory concept of a reasonable offer of employment by an employer to an employee who is otherwise entitled to benefits as a result of a work-related injury that has resulted in disability. MCL 418.301(5)(a); MSA 17.237(301)(5)(a). This statute partially codifies the common-law concept of favored work.[1] *Pulver v Dundee Cement Co*, 445 Mich 68, 74; 515 NW2d 728 (1994). The present case has been remanded to us by our Supreme Court for consideration as on leave granted and in light of *Derr v Murphy Motor Freight Lines*, 452 Mich 375; 550 NW2d 759 (1996), and *Price v City of Westland*, 451 Mich 329; 547 NW2d 24 (1996). 453 Mich 911 (1996). After a careful review of the record and the applicable legal authorities, we affirm in part, reverse in part, and remand to the Worker's Compensation Appellate Commission for further proceedings consistent with this opinion.

---

[1] The terms "reasonable employment" and "favored work" are used interchangeably in this opinion.

I

Plaintiff had a number of jobs before he began working for defendant[2] in December 1988 at a full-time production job. In January 1991, he injured his back while lifting something at work. The injury kept him off work for the most part until August 1991, when he was placed in a light-duty job designated as "net assembly" for four hours a day, with the remaining half day spent in a work-hardening program. Plaintiff's back problems continued, and in October 1991, a myelogram disclosed a herniated disc at L4-L5 with nerve-root compression on the right side. Surgery involving a right hemilaminectomy and discectomy was performed in December 1991.

The surgery kept plaintiff off work until June 1992, when he was offered a modified version of the light-duty, "net assembly" job. Plaintiff made a brief, one-time attempt to perform the offered job, but discontinued his efforts, complaining of severe back pain. Within a week, plaintiff returned to his surgeon, who provided him with a slip indicating that he was to remain off work until further notice.

In July 1992, plaintiff saw a doctor on referral by defendant and magnetic resonance imaging (MRI) studies were ordered. Defendant's doctor reviewed the results of the MRI and concluded that they revealed a residual extruded herniated disc fragment at L4-L5 on the right side and that this finding substantiated plaintiff's subjective complaints of back pain. Epidural steroid injections were recommended for pain relief, but the doctor suggested that further surgery would be indicated if the injections did not

---

[2] Defendant refers to Cellasto Plastic Corporation.

serve their purpose. The record does not disclose whether plaintiff received the injections recommended by defendant's doctor, who also indicated that plaintiff could return to work with numerous restrictions. In reliance on the latter, defendant again offered plaintiff the light-duty, "net assembly" job within the restrictions outlined. Plaintiff declined, relying on his surgeon's slip indicating that he was not to return to work until further notice.

In February 1993, plaintiff's surgeon was deposed. During the deposition a videotape demonstration of the modified light-duty, "net assembly" job offered to plaintiff in June and July of 1992 was shown. The doctor opined that plaintiff was probably capable of performing the job, although plaintiff would suffer pain in doing so and would have to be given the opportunity to move gradually into full-time work. The doctor noted that plaintiff had to go about daily living with a certain amount of pain and that he could just as well perform the job under these circumstances, given the numerous accommodations that defendant had made in the job duties of the "net assembly" position to account for the limitations on plaintiff's physical abilities. The doctor also noted that plaintiff might not have given enough time to the job in his brief attempt to perform it in June 1992. The videotape was admitted as evidence at the trial before the magistrate.

Shortly after the surgeon's deposition, which plaintiff attended, plaintiff phoned defendant and offered to return to work at the modified "net assembly" job. However, according to defense testimony at the trial of this case, the job had been phased out and was no longer being held for plaintiff. According to the

defense witnesses, the job had been restructured and would no longer accommodate plaintiff's limitations because it was being performed by two workers instead of by three as when plaintiff attempted it in June 1992.

The magistrate made two essential findings: first, plaintiff suffered a work-related injury that required surgery and resulted in restrictions with regard to his physical ability to perform his work and, second, plaintiff unreasonably refused an offer of work that was within his ability to perform. As a result, plaintiff's worker's compensation benefits were terminated. The WCAC affirmed, making the additional finding that defendant was not obliged to keep the job offer open indefinitely, but only for a reasonable period. By implication, the WCAC held that, on the facts of this case, the period during which defendant held the job open (approximately six months or until about four to six weeks before plaintiff reapplied for favored work in February 1993) was reasonable. This appeal followed.

II

The first issue on appeal is whether plaintiff unreasonably refused a bona fide offer of reasonable employment under MCL 418.301(5)(a); MSA 17.237(301)(5)(a). We find that this issue is closer than the WCAC opinion suggests; nevertheless, we affirm its finding of an unreasonable refusal on plaintiff's part.

The record discloses that one of defendant's examining physicians confirmed through MRI studies that there was objective evidence supporting the validity of plaintiff's continuing subjective complaints of back

pain after his surgery. However, three physicians, including plaintiff's surgeon, viewed a videotaped demonstration of the favored work and concluded that it was within his limitations. Plaintiff offered no evidence that the offered work would have exceeded the restrictions imposed on him. In addition, plaintiff's very brief attempt to do the work and his testimony regarding his activities outside the workplace support the WCAC's finding of an unreasonable refusal of an offer of favored work.

Whether a refusal to accept an offer of reasonable employment is for good and reasonable cause demands an analysis of the facts case by case, and the dispositive questions are questions of fact. *Pulver*, *supra* at 81. Findings of fact in worker's compensation cases, if supported by competent evidence, are binding on this Court absent fraud or unless otherwise provided by law. Const 1963, art 6, § 28; *Holden v Ford Motor Co*, 439 Mich 257, 262; 484 NW2d 227 (1992); MCL 418.861a(14); MSA 17.237(861a) (14).

The magistrate and the WCAC found that the facts established that plaintiff's refusal of defendant's offer of favored work was unreasonable. Because there is competent evidence in the record to support these findings of fact and there is no indication of fraud, we are bound to accept them and affirm the determination that plaintiff unreasonably refused an offer of favored work. Nothing in the *Price* or *Derr* opinions alters this result.

The facts of *Price* are easily distinguishable because there the plaintiff's employer ordered him to return to work "without limitations." Here, even though plaintiff's surgeon recommended he not return to work after plaintiff attempted the light-duty job,

after viewing the videotape of the job he indicated that it was within plaintiff's limitations. In addition, the employer in *Price* created confusion when it ordered the plaintiff to return to work "without limitations," suggesting that the available job was not favored work. In this case the favored-work job was apparently kept open for plaintiff until it was restructured, approximately four to six weeks before plaintiff expressed his willingness to return to it.

The opinion in *Derr* reiterates that the issues raised are questions of fact and the WCAC findings are conclusive in the absence of fraud if they are supported by competent evidence in the record. *Derr, supra* at 385. In that case, as here, the facts showed that the plaintiff advanced no medical testimony or evidence in support of his claim that the offered favored work did not constitute an offer of reasonable employment within the plaintiff's restrictions. We find that *Derr* supports our determination that, with regard to the issue whether plaintiff's refusal of favored work was unreasonable, the decision of the WCAC must be affirmed.

III

We now turn to the issue whether plaintiff's forfeiture of worker's compensation benefits was permanent. As noted previously, after plaintiff's surgeon was deposed in February 1993, plaintiff phoned defendant and indicated his desire to return to the favored work that he had rejected in June and July 1992. Defendant did not immediately respond to plaintiff's request to return to work, but the testimony at trial was that the job was kept open for about six months (until approximately four to six weeks before

plaintiff's phone call to defendant) and was phased out during a restructuring that resulted in the task being performed by two workers rather than three. Ultimately, it became clear that defendant withdrew its offer of favored work and that there was no other job available within plaintiff's limitations. The WCAC held that an employer need only keep a reasonable job offer open for a reasonable time. Accordingly, the WCAC determined that there had been a permanent forfeiture of plaintiff's entitlement to benefits notwithstanding plaintiff's attempt to return to favored work in February 1993 because defendant had, by that time, already kept the favored-work position open for a reasonable length of time under the circumstances. The Supreme Court's opinion in *Derr* rejects this reasoning and leads us to reverse the decision of the WCAC in this regard.[3] Accordingly, we hold that plaintiff is entitled to a restoration of benefits.

In *Derr*, the offer of favored work was deemed withdrawn by reason of the employer's bankruptcy. When Derr refused light-duty work and his worker's compensation benefits ended as a result, he applied for and received his pension benefits. He also filed a worker's compensation claim. In the following year

---

[3] Defendant errs in arguing that *Derr* is not binding precedent here. Regarding the issue whether there was a permanent forfeiture of benefits, four justices rejected the "reasonable time limitation" doctrine established in *Russell v General Motors Corp*, 172 Mich App 627, 632-633; 432 NW2d 738 (1988), and relied on by the WCAC in its holding in this case. Even if Justice BOYLE's brief concurring opinion is not read to adopt the lead opinion's reasoning on this issue, we note that Justice BOYLE expressly rejected the "reasonable time limitation" doctrine in her separate opinion in *Nederhood v Cadillac Malleable Iron Co*, 445 Mich 234, 259-267; 518 NW2d 390 (1994). Therefore, Justices MALLETT, LEVIN, CAVANAGH, and BOYLE are in agreement on this particular point.

and a half before the employer's bankruptcy, Derr made no indication that he was willing to accept the favored-work job that remained open for him. In holding that Derr was entitled to resumption of workers' compensation benefits as of the date of the employer's bankruptcy, the Supreme Court held that, according to the plain language of MCL 418.301(5)(a); MSA 17.237(301)(5)(a), benefits are forfeited only *during the period of the employee's unreasonable refusal to accept favored work. Derr, supra* at 387. "Once an offer is withdrawn, it can no longer be refused." *Id.*

The factual predicate for resumption of benefits in this case is, if anything, stronger than that in *Derr.* In *Derr* there was a withdrawal of the offer of favored work simply because the company no longer existed; in addition, the plaintiff never even suggested he wished to attempt a return to work of any kind. Here, after hearing his surgeon testify and before he had any knowledge that the offer of favored work was no longer available, plaintiff initiated contact with defendant in an attempt to return to work and attempt the light-duty, "net assembly" job. He was not informed until later that the job offer was withdrawn and that there was no other favored work available within his restrictions. Under those circumstances, it was no longer the unreasonable actions of the plaintiff that could justify withholding benefits, but rather the actions of the employer in withdrawing the offer previously made. As *Derr* holds, the Legislature did not intend a permanent forfeiture of benefits, and once an offer has been withdrawn, benefits must be reinstated as long as the employee is available for work. *Id.* at 390-391. This is the exact situation pre-

sented here. Because defendant has offered no evidence that plaintiff is not available for work, benefits must be reinstated.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.

REILLY, J., concurred.

SAAD, P.J. (*concurring*). I concur in the holding that plaintiff's refusal of favored work was unreasonable, but write separately to express my dissatisfaction with the counterintuitive and wholly unjustified decision in *Derr v Murphy Motor Freight Lines*, 452 Mich 375; 550 NW2d 759 (1996), which compels our holding here that plaintiff's benefits must be restored because of the fiction that benefits are to be restored any time the "offer is withdrawn" by whatever artificial circumstance, no matter how unrelated to plaintiff's willingness or availability to work.